# William H. Carroll v. Mary Jane Haigh et al.

1. CHANCERY PRACTICE—*What Does Not Preclude a Defendant from Objecting to the Acts of a Receiver.*—A defendant in a suit of foreclosure, after having suffered his default to be entered and the bill of complaint against him to be taken *pro confesso,* and having entered no appearance to object to the continuance of the receivership, is not, however, by reason of such failures, to be precluded from making his claim to the rents and profits which have accrued from the mortgaged premises during the period provided for redemption, nor from urging his objection to the order of the court by which the receiver was permitted to apply such rents and profits to the payment of the ground rents reserved in a lease of the premises.

2. SAME—*Complainants in Foreclosure Suits as Purchasers at Sales Under the Decree.*—Where one of the complainants in a foreclosure proceeding becomes the purchaser at the master's sale, "for the use of all the complainants," he and they stand, as purchasers of the mortgaged premises at such sale, precisely as would any other purchaser, and their status is in no wise changed, nor are their rights as such purchasers enlarged by reason of the fact that they were also complainants in the foreclosure proceedings.

3. SAME—*Rights of the Owner of the Equity of Redemption.*—The owner of the equity of redemption is entitled to the enjoyment of the mortgaged premises during the period provided for a redemption from the foreclosure sale, and to him belong the rents, issues and profits arising therefrom during such period.

4. MORTGAGES—*Effect of the Satisfaction or Payment of the Mortgage Debt.*—A mortgage and all of its provisions are to be regarded as for but one purpose, viz., securing the payment of the mortgage indebtedness, and when the debt has been fully paid, the mortgage, together with all its terms and provisions, has expended its force and the premises are discharged therefrom, notwithstanding the mortgage contained provisions that during the period of redemption the rents should be paid to the purchaser at the sale.

5. SAME—*When the Debt Secured is Discharged.*—The mortgage debt is the principal thing, and the mortgage merely an incident thereto, and when the debt is discharged the provisions of the mortgage lose their force.

6. FORECLOSURE—*Claims of the Purchaser at the Sale to the Rents and Profits During the Equity of Redemption.*—A purchaser at a foreclosure sale has no claim against the rents and profits of the premises until the period of the redemption has expired and he can not have them awarded to him for any purpose whatever as against the right of the owner of the equity of redemption to such rents and profits.

7. SAME—*Liabilities of a Purchaser at a Sale Under a Decree of Foreclosure.*—A purchaser at a sale under a decree of foreclosure is required to assume the burden of paying the ground rents, taxes and assessments upon the land, and insurance upon the buildings thereon, in order to protect his purchase, and he can not for that purpose avail himself of the rents which the premises are earning during the period of redemption. It may seem a hard rule, but he is presumed to have made his bid with a view to such contingencies.

**Foreclosure.**—Error to the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1901. Reversed and remanded with directions. Opinion filed October 24, 1901.

**Statement.**—Elisha C. Ware, being a lessee of premises demised for the term of ninety-nine years and owner of the buildings upon the demised premises, mortgaged by trust deed his interest in the premises to secure a debt of $15,000, evidenced by his promissory notes.

Ware conveyed the leasehold estate to plaintiff in error. Defendants in error, as owners of the promissory notes evidencing the mortgage debt, filed their bill of complaint

to foreclose the trust deed. Upon the exhibiting of the bill of complaint a receiver was appointed by the court " to take possession of said premises, collect the rents, pay taxes, ground rent, insurance, water taxes, make necessary repairs, to rent the same," etc.

All defendants to the suit were defaulted.

On October 25, 1898, a decree was entered for the sum of $15,994.54, said amount being the sum found to be due for principal, interest and solicitor's fees. No finding was made respecting any liability for ground rent. On December 3, 1898, the master's report of sale was filed, showing the sale of the leasehold interest on November 22, 1898, to complainant, Samuel D. Ward, one of the defendants in error, for the sum of $16,309.50, the same being the full amount, including interest and costs, due to complainants. On December 3, 1898, said report of sale was confirmed, and, without notice, an order was entered that the receiver be continued in office during the period of redemption. No report was made by the receiver to the court until March 27, 1900, when a report was filed, pursuant to an order entered March 12, 1900. Plaintiff in error filed his exceptions to the receiver's report, and the same having been argued, were overruled, and said report, showing the collection and expenditure of $8,582, was approved.

Among the items of expenditure allowed to the receiver were items for commissions for the collection of the rents, insurance, repairs, installments of ground rent paid to the owner of the fee under the terms and provisions of the ninety-nine year lease, specified as ground rent.

No objection appears ever to have been made by plaintiff in error to the appointment of the receiver or the continuation of the receivership during the period of redemption.

This writ of error is now prosecuted to review the order of the court allowing the various items of expenditure by the receiver out of the moneys collected by him as rents and profits of the mortgaged premises during the period of redemption.

John C. Wilson and John H. S. Lee, solicitors for plaintiff in error.

Barker & Church, solicitors for defendants in error.

Mr. Justice Sears delivered the opinion of the court.

No error is assigned by which any question is raised as to the propriety of the original interlocutory appointment of the receiver or of the order by which the receivership was continued during the period of redemption. It seems that plaintiff in error, after having suffered his default to be taken and the bill of complaint to be taken *pro confesso* as against him, entered no appearance to object to the receivership or its continuance. He is not, however, to be therefore precluded from making claim to the rents and profits which have accrued from the mortgaged premises during the period provided for redemption, nor from urging his objection to the order of the Superior Court by which the receiver was permitted to apply such rents and profits to the payment of the ground rent reserved in the ninety-nine year lease, and to other matters.

The receiver's report, which set forth the expenditures of the money collected by the receiver as rent of the mortgaged premises during the period of redemption, showed that all the moneys so collected by him had been expended and that among the items of expenditure were installments of ground rent, paid to the owner of the fee under the provision of the ninety-nine year lease, insurance, repairs and commissions for collections. The court allowed these expenditures by the receiver and overruled the exceptions of plaintiff in error to the receiver's report, and approved the report.

The order by which the receivership was continued after the mortgage debt had been fully extinguished by the foreclosure sale, is substantially as follows :

The master's report of sale is approved; and it appearing to the court that the premises in question consist of a leasehold and certain buildings thereon; that the income is not more than sufficient to pay the ground rent and

the fixed charges thereon; that unless the same are paid the lease will be forfeited and the certificate of sale issued to the purchaser by the master will become valueless and of no security for the amount of said decree. And it further appearing to the court that the receiver is now engaged in making certain repairs upon said building, and that the same ought to be completed and paid for out of the income; and it further appearing that said leasehold and buildings were purchased by one of complainants for the use of all complainants. It is ordered that the receiver, Charles S. Read, be continued in office and possession during the period of redemption under said sale.

Several orders were entered by the court during the period of redemption, authorizing the receiver to expend amounts stated in the orders for repairs of the premises.

Upon this state of the record there is but one question which is to be considered and determined by the court, viz., as to the propriety of the order allowing the rents and profits of the mortgaged premises, accruing during the period provided for redemption from the foreclosure sale, to be applied to the keeping of the premises in repair and insured, and to the payment of ground rent accruing under the ninety-nine year lease, and to payment of commissions for collecting such rents of the mortgaged premises.

Failure to pay the ground rent due under the terms of the ninety-nine year lease would operate to work a forfeiture of the rights of the lessee in such lease, and as well all rights acquired by his assignee and by the purchaser at the foreclosure sale. The order before noted recites this contingency as a reason for continuing the receivership, and it recites that in the event of such a forfeiture, "the certificate of sale issued to the purchaser by the master will become valueless and of no security for the amount of the decree." But the amount of the decree had already been paid through the foreclosure sale, and the complainants in the suit, as such, had no further right or interest in the mortgaged premises. It is true that one of the complainants bought the premises at the foreclosure sale, and the

order recites that he made the purchase "for the use of all complainants." Nevertheless, he and they stand as purchasers of the mortgaged premises in the foreclosure sale, precisely as would. any other purchaser, and their status is in no wise changed, nor are their rights as such purchasers enlarged, by reason of the fact that they were also complainants in the foreclosure suit.   Stevens v. Hadfield, 178 Ill. 532; Lightcap v. Bradley, 186 Ill. 510.

Their rights as complainants had been fully settled and satisfied by the payment in full of the mortgage debt.

The complainants, as purchasers at the foreclosure sale, having the same rights as would any other purchaser and no greater, what can be said of the propriety of protecting their purchase during the period of redemption by applying the rents of the mortgaged premises during that period to the payment of insurance, ground rent and repairs?

It is well settled in this State that the owner of the equity of redemption is entitled to the enjoyment of the mortgaged premises during the period provided for a redemption from the foreclosure sale, and to him belong the rents, issues and profits arising from the mortgaged premises and accruing during that period.   Davis v. Dale, 150 Ill. 239; Stevens v. Hadfield, 178 Ill. 532; Bogardus v. Moses, 181 Ill. 554; Lightcap v. Bradley, 186 Ill. 510; Burleigh v. Keck, 84 Ill. App. 607.

It is true that by the terms of the trust deed it is provided that during the period of redemption the rents of the mortgaged premises shall be paid to the purchaser at the foreclosure sale.   But the mortgage and all the provisions thereof are to be regarded as for but one purpose, viz., the securing of the payment of the mortgage debt; and when that debt has been paid in full, the mortgage, together with all its terms and provisions, has expended its force, and the premises conveyed are no longer subject to its provisions, but are discharged therefrom.

The reasoning of all the Illinois decisions upon this matter seems to be that as the mortgage debt is the principal thing, and the mortgage merely an incident thereto,

therefore when the debt is discharged the provisions of the mortgage deed lose their force. Lightcap v. Bradley, *supra*.

It is true that it was a matter of grave importance to the purchaser of the mortgaged premises, that the ground rent under the ninety-nine year lease should be paid and the leasehold interest protected from a forfeiture for non-payment of ground rent, just as it was a matter of importance to him that the current taxes and assessments should be paid and a forfeiture or sale from their non-payment be avoided. But the complainant in the foreclosure suit, as owner of the mortgage debt, had no further interest in those matters, for he had been paid in full and had been granted all the relief to which he was entitled by reason of the mortgage and his foreclosure of the same; and the purchaser at the sale had no claim against the rents and profits of the mortgaged premises until the period of redemption had expired. He could not have them awarded to him, whether for the purpose of paying ground rent, or insurance, or taxes, or any other purpose, as against the right of the owner of the equity of redemption to such rents and profits.

It may seem, perhaps, a hard rule for the purchaser, in that he is obliged to pay the ground rent, taxes and assessments upon the land, and for insurance upon the buildings, in order to protect his purchase, and can not for that purpose avail of the rents which the premises are earning during the period of redemption. But, under the well established law, he is obliged to assume such burden if he makes the purchase, and he is presumed to make his bid with a view to precisely such contingencies.

The receiver was allowed by the court five per centum as commissions for the collection of the rents. If the plaintiff in error had interposed any objection to the continuing of the receivership after the foreclosure sale, we should be obliged to hold that this item could not be properly allowed, for there was no occasion for any receivership after such sale.

The fact that plaintiff in error made no objection to the

receivership should not, we think, now preclude him from insisting upon his clear right under the law to the moneys collected by the receiver; but it would seem to be inequitable to permit him to object to the necessary cost of collecting the rents by a receiver whom he has permitted to act as collector of the same.

The item for the taxes of 1898 might properly have been included in the decree of sale, but it was not.

The order of the Superior Court is reversed and the cause is remanded with directions to disallow all expenditures made by the receiver of moneys collected during the period of redemption, and to order the payment of such moneys to the owner of the equity of redemption, less five per centum to be allowed to the receiver for the collection of the same.   Reversed and remanded with directions.