MARY JANE HAIGH *et al.*

*v.*

WILLIAM H. CARROLL *et al.*

*Opinion filed April 20, 1904—Rehearing petition dismissed June 7, 1904.*

1. MORTGAGES—*effect of provision for payment of rents to purchaser during redemption period.* A provision in a trust deed or mortgage for payment of rents to the purchaser at the foreclosure sale during the period of redemption is intended only to secure full satisfaction of the mortgage debt, and if that be satisfied by the sale, the mortgagor, and not the purchaser, is entitled to such rents.

2. SAME—*what does not authorize continuance of receivership after sale.* Continuance of a receivership during the period of redemption, after a sale of the mortgaged premises which satisfies the mortgage debt, is not authorized by the fact that payment of the ground rent during such period is necessary to the preservation of the rights of both the mortgagor and purchaser.

3. JUDGMENTS AND DECREES—*when error in judgment of Appellate Court is harmless.* Error in the judgment of the Appellate Court in directing the entry of a decree against complainants in foreclosure for improper disbursements of the receivership, continued at their instance during the period of redemption, instead of against the receiver, is not prejudicial to such complainants, as the receiver, in case of a decree against him, would be entitled to a decree over against the complainants.

*Carroll* v. *Haigh*, 108 Ill. App. 264, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

"This writ of error is sued out to reverse an order approving the final report of the receiver of certain premises in the city of Chicago, such receiver having been appointed in a foreclosure proceeding.

"The premises consisted of a ninety-nine year leasehold, improved with a brick building containing twenty-nine stores and flats. The trust deed mortgage foreclosed conveys all the interest and estate of the owners of the leasehold, including the rents, and provides that any

rents that may be collected (less a commission of five per cent for collecting) after such sale and before the time of redemption expires, shall be paid to the purchaser or purchasers of said premises at such sale or sales, and such purchasers shall not be required to see to the application of the purchase money.

"The plaintiff in error was served by publication and mailing, in accordance with the statute, and thereafter defaulted for want of appearance. October 25, 1898, the report of the master to whom the cause had been referred was confirmed and a decree of foreclosure and sale entered in accordance therewith.

"On motion of the complainants below, Charles S. Read .was appointed receiver of these premises by an order entered August 18, A. D. 1898, by which he was authorized to take immediate possession of the premises, collect the rents, pay taxes, ground rent, insurance, water taxes, make necessary repairs, lease and rent the same, with the usual powers of receivers in chancery.

"On motion of complainants below, December 3, 1898, an order was made approving a sale of said premises by the master, the sale being for the entire amount of the decree, leaving no deficiency, the court finding that the income from the premises in question was not more than sufficient to pay the ground rent and fixed charges thereon, and that unless the same were paid the lease would be forfeited; that the receiver, under the order of the court, was then engaged in making repairs, which ought to be completed and paid out of the income from said building, and that said leasehold and buildings were purchased by one of the complainants for the use of all the complainants. Thereupon it was ordered that the receiver be continued in office and possession as sole receiver during the period of redemption under said sale.

"By virtue of the order continuing the receivership, Read remained in possession and management of the premises as receiver until the end of the period of re-

demption, February 22, A. D. 1900, during which period
the court entered additional orders authorizing him to
expend $145 for repairs to the roof, $35 for a sidewalk,
and to allow $51.62 to the tenant occupying the store for
repairs thereon.

"The plaintiff in error made no objection to the order
creating the receivership nor to any of the subsequent
orders relating to its continuance and the management
of the property.

"March 27, A. D. 1900, the receiver made his final re-
port, showing collections of $8582 and disbursements of
$8154.50, leaving a balance of $427.50 in his hands, which
was allowed him as fees by the court. The report was
for collections and disbursements from September 1, 1898,
to February 22, 1900. An analysis of this report shows
that there was expended as follows:

| | | |
|---|---:|---:|
| For ground rent | | $4956.16 |
| For taxes | | 1367.66 |
| For insurance | | 680.00 |
| For water taxes | | 312.38 |
| | | $7316.20 |
| For repairs previously authorized | $145.00 | |
| For repairs previously authorized | 35.00 | |
| For repairs previously authorized | 51.62 | |
| | | 231.62 |
| For removal of ashes and janitor | $128.25 | |
| For gas | 127.56 | |
| For plumbing at various times | 56.50 | |
| For papering, painting, etc., at various times | 110.94 | |
| For carpenter work and lumber at various times | 49.16 | |
| For miscellaneous items at various times | 134.27 | |
| | | 606.68 |
| Commission allowed receiver | | 427.50 |
| Total disbursements | | $8582.00 |

"The plaintiff in error filed exceptions to this report,
which were overruled."

BARKER, CHURCH & SHEPARD, for appellants.

JOHN C. WILSON, and JOHN H. S. LEE, for appellee
Carroll.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The foregoing statement of facts is taken from the opinion of the Appellate Court. Carroll sued out a writ of error from that court to review the decree overruling his exceptions and approving the receiver's report. That court entered judgment reversing the decree of the circuit court, with directions to disallow all payments made by the receiver of moneys collected, and to order the payment of such sums to Carroll, less five per cent to be allowed to the receiver for the collection of the same. (*Carroll* v. *Haigh,* 97 Ill. App. 576.) Thereupon the present appellants sued out of this court a writ of error to review that judgment of the Appellate Court, and this court reversed the judgment of the Appellate Court by reason of the fact that the receiver was not a party to the writ of error sued out from that court, and the cause was remanded to the superior court without prejudice to the right to sue out another writ of error. Carroll then again brought the cause to the Appellate Court, making the receiver a defendant in error, and that court held that payments of ground rent, taxes and insurance made subsequent to the satisfaction of the decree were payments made upon the property for the benefit of the purchaser, and that Carroll is entitled to the entire amount of rents so paid for such purposes, and that as the purchaser is one of the complainants and made the purchase for the benefit of all the complainants, all of such payments should be taxed against the complainants as costs and ordered paid to Carroll; that the payments made by the receiver "for water taxes, repairs, removing ashes, for janitor services, for gas, plumbing, papering, painting, carpenter work, or otherwise reasonably necessary to the keeping of the premises rented and the enforcing of the rents therefrom," should be allowed to the receiver as disbursements, and that the receiver should be allowed such sum on account of compensation as it shall

appear it would have cost Carroll to have managed and cared for the property, collected and received the rent as was done by the receiver, not exceeding, however, the sum of $427.50, and that if the sum so allowed is not equal to a reasonable compensation for the services of the receiver, the balance of such reasonable compensation, not exceeding $427.50, should be paid to him by the complainants in the original bill, and that in accordance with the holding so made an account should be stated and the complainants ordered to pay to Carroll and the receiver the amount due each, and the decree of the superior court was reversed for further proceedings not inconsistent with the opinion of the Appellate Court. From that judgment this appeal is prosecuted to this court by the complainants in the original bill, Carroll and the receiver being appellees here.

The contentions of appellants are, first, that all disbursements made by the receiver, as shown by his report, were properly made; and second, that the Appellate Court erred in directing the superior court to tax the amount of rent, insurance and taxes as costs, and in directing that court to order the complainants to make any payments whatever.

The principal question in the case is in regard to the propriety of the action of the superior court in permitting the application of rents collected during the receivership to the satisfaction of the ground rent, taxes, insurance, water taxes, repairs, gas and janitor service during the period of redemption. The premises at the foreclosure sale sold for the full amount of the mortgage debt, interest and costs. The mortgage was thereby satisfied, and while the complainants became the purchasers, their rights as purchasers are precisely the same as they would be if they were strangers to the mortgage. The general rule under such circumstances is, that the owner of the equity of redemption is entitled to the possession of the premises and the rents and prof-

its accruing therefrom during the period of redemption, and that if a receiver has been appointed the necessity for his services ceases, and he should be discharged and possession restored to the owner of the equity of redemption, but if that course be not pursued, that his receipt of the rents and profits arising from the property would be for the benefit of the person entitled to the same, and that the parties acquire no additional right because the fund is in the hands of the receiver. *Davis* v. *Dale*, 150 Ill. 239; *Stevens* v. *Hadfield*, 178 id. 532; *Bogardus* v. *Moses*, 181 id. 554; *Lightcap* v. *Bradley*, 186 id. 510.

It is urged, however, that this case is not within the general rule, for the reason that if the ground rent had not been paid all rights under the lease would have been forfeited and the interests both of Carroll and the purchaser in the property would have been sacrificed, and reliance is placed upon that provision of the trust deed to the effect that during the period of redemption the rents of the mortgaged premises shall be paid to the purchaser at the foreclosure sale. So far as that provision is concerned, the sale satisfies the mortgage and renders all its provisions inoperative. They were effective only for the purpose of securing satisfaction of the mortgage debt. When that purpose was accomplished their force was entirely spent. Cases to which we have been referred by counsel for appellants in which there have been deficiency decrees, where it has been held that a lien may be created by the trust deed upon the rents and profits during the redemption period and that they may be applied to satisfy the deficiency, are not in point, for the reason that there the mortgage debt is not paid and the provisions of the mortgage are properly held to continue in force to secure the payment of that obligation. As the rights of the complainants under the trust deed were at an end and as the purchasers had no right to the possession or rents until the certificate of purchase had ripened into a deed, it is apparent that no right existed

by which either the complainants or the purchasers could control the money arising from rent during the redemption period, and Carroll is therefore entitled to it.

A somewhat analogous case is that of *Stevens* v. *Hadfield, supra,* where the purchaser claimed the money remaining in the hands of the receiver after the satisfaction of the deficiency decree, for the reason that there was a prior mortgage on the property for the sum of $20,000, for the payment of which the owner of the equity of redemption was personally liable. It seems that the receiver had applied this surplus, or a part thereof, on the interest on the earlier encumbrance, and it was argued that if this was not a proper application the money should be paid to the purchaser. This court held that the money in controversy was payable to the owner of the equity. There the assertion of the right of the first mortgagee, if he be not satisfied, would as completely defeat the title of the purchaser as would the assertion of the rights of the owner of the fee under his lease in the case at bar. True, in that case there was no provision in the trust deed foreclosed as in the one before us, but, as we have seen, that provision is *functus officio* by reason of the satisfaction of the debt. The purchasers, in making their bid, must be assumed by the law to take cognizance of charges for which the property is liable and which are superior to their right under the certificate of purchase.

So far as the question before us is concerned, ground rent stands in no more favorable position than any other charge, lien or encumbrance upon the property superior to the certificate of purchase. Appellants' reasoning, followed to its logical conclusion, would result in the destruction of the mortgagor's right of possession during the redemption period in every instance where the interest of the purchaser at the foreclosure sale is subject to some charge upon the property superior to the lien under which he claims.

It is urged, however, that the Appellate Court erred in holding that the amount paid for ground rents, taxes and insurance should be taxed as costs, and in directing a decree against complainants for that amount and any further amounts that might be found due to Carroll, and for any amount found due to the receiver, for the reason that such relief was not sought by Carroll in the Appellate Court. The relief sought by Carroll was of the character awarded him when the case was first in the Appellate Court, viz., a decree against the receiver for all money not properly disbursed by him, and we would be better satisfied if the judgment in the Appellate Court when the case was last there had been to the same effect, for the reason that Carroll could then, in the event of the decree in his favor not being satisfied, have had recourse to the receiver's bond. It was at the instance of appellants that the receivership was continued after the sale. If the decree in the superior court were made against the receiver he would be entitled to have a decree over in this cause against the complainants. We are therefore disposed to the view that this error in the judgment of the Appellate Court is a harmless one so far as the complainants, appellants here, are concerned.

No cross-errors have been assigned. We are therefore precluded from considering whether the judgment of the Appellate Court, in so far as it allows the receiver to take credit for any items in the nature of repairs, gas, plumbing and janitor service, or for his own compensation, in whole or in part, is correct.

Carroll's exceptions stated, in substance, that all items expended by the receiver were unauthorized expenditures,—that is, that they were not warranted by the law. We do not think any reference to the master was necessary for the purpose of disposing of these exceptions in the first instance. Under the holding of the Appellate Court, however, which we cannot review for the want of assignment of cross-errors in reference to

the receiver's compensation, water taxes, repairs, janitor service, plumbing, papering, painting and carpenter work, it will be necessary that the account should be referred to the master so far as those items are concerned. So far as the items paid for ground rent, taxes and insurance are concerned there is no occasion for a reference to the master, but Carroll will be entitled to a decree against appellants for the amount thereof immediately upon the cause being re-docketed in the superior court, following the course pointed out by the Appellate Court.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*