## Alexander J. Innes v. Casper Linscheid, et al.

### Gen. No. 12,395.

1. FORECLOSURE SALE—*how cannot be attacked.* A foreclosure sale cannot be successfully attacked and set aside for the defaults of a receiver appointed in a foreclosure proceeding by petition filed in such foreclosure proceeding three years after the property pledged had responded to the payment of the debt.

2. FORECLOSURE SALE—*right of complainant to bid at.* The complainant in a foreclosure proceeding has the same right to bid at the sale as any third person, and the fact that the complainant became the purchaser at such sale does not give him any rights, nor does it take away from him any rights, which he otherwise would have had.

3. RENTS—*when belong to owner of equity.* Where the property sought to be foreclosed sells for sufficient to satisfy the mortgage debt, rents arising during the period of redemption belong to the owner of the equity, and the receiver is not entitled to expend them upon the property.

Petition filed in foreclosure proceeding to set aside foreclosure sale. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the March term, 1905. Affirmed. Opinion filed April 5, 1906. Rehearing denied April 19, 1906.

**Statement by the Court.** October 12, 1898, a bill was filed by Alfred D. Solberg against John D. Thorell and his wife in the Circuit Court to foreclose a trust deed upon certain premises therein described. Three days later Charles H. Giroux was appointed receiver. He at once qualified and took possession of the property. January 20, 1899, a decree of sale was entered. February 17, 1899, the

sale was had, the purchaser being the complainant Solberg. His bid covered the amount due with interest and costs. He received and recorded the certificate of sale. February 25, 1899, the report of sale and distribution was approved. On May 19, 1900, at the expiration of the equity of redemption, a deed was issued to Solberg, which was at once recorded. He thereupon took possession of the property and so continued until he parted with the title in 1902. May 22, 1902, Solberg entered into a written contract with appellees to convey said premises to them. This contract was carried out by a deed dated June 22, 1902, which was recorded the next day. Appellees at once went into possession of the premises, and have ever since continued to occupy the same. The reports of the receiver had never been approved, and he still remained in office. It was claimed that he had paid out the rents collected during the equity of redemption in permanent improvements upon the property.

June 11, 1902, the agent who conducted the sale of these premises from Solberg to appellees, called upon the solicitors of the defendant Thorell and asked as to the whereabouts of certain files in the case, and then informed them that he had sold the property. The next day these solicitors filed a petition in the name of Thorell in the original suit, setting up the appointment of the receiver, the sale of the premises for the full amount due, the right of Thorell to receive the rents during the period of redemption, and the expenditure of these rents by the receiver at the request of Solberg, without the consent of petitioner, in permanent improvements upon the premises. Solberg and the receiver were the only respondents named. The prayer was for an accounting and for sale of the premises. This petition was signed and sworn to by one N. B. Rudd as agent for Thorell. Thorell, it seems, left this state in 1900, and has not since returned.

The respondents were defaulted, and April 13, 1903, a decree was entered finding that the receiver, during the equity of redemption, had collected $720 in rents, and had,

Innes v. Linscheid.

at the request of Solberg, expended the whole of this sum on said premises for betterments and improvements; that this was done without the knowledge of Thorell, and without the direction of the court, and to the extent of $720 had added value to the premises; that Thorell is the owner of the equity of redemption, and the $720 belonged to him and is due from Solberg and the receiver; and that Thorell is entitled to a lien upon the premises for this sum. The decree directs that, if this sum be not paid within five days, the premises be sold.

Under this decree the premises were sold July 31, 1903, to appellees, who, so far as the record shows, paid no part of the said $720 and no costs except one-half of the master's fees.

May 13, 1903, appellees filed a bill, reciting (as amended) that they are the owners of the premises in question by deed from Solberg dated June 21, 1902, executed in pursuance of a contract dated May 22, 1902, their possession from and since that time, and the facts hereinbefore set forth. It asserts that the court had no jurisdiction to entertain said petition, and to render the decree thereon; and that Thorell had a complete remedy at law upon the bond of the receiver for the recovery of all moneys collected by him; that they were not made parties to said petition; and had no notice of it until in May, 1903; that Thorell had no knowledge of these proceedings, and that the other defendants combined and confederated to defraud appellees by causing said sum of $720 to be made out of said premises. It makes Thorell, Giroux, Rudd and Innes parties defendfant, and prays that the decree of April 13, 1903, be set aside and the sale to Innes be set aside and held for naught, and for other relief.

The master to whom this cause was referred reported that there was no proof to justify the charge that Thorell had no knowledge of the filing of the petition, or the decree thereon, or that Rudd, Solberg, Giroux and Innes confederated to defraud appellees by causing satisfaction of $720 to be made by a sale without the knowledge of Thorell, to

retain the same and have money collected by the receiver for their use; that the court had jurisdiction to entertain the petition and to make a decree therein, notwithstanding Thorell had a complete remedy at law upon the receiver's bond; that from all the evidence appellees could or did have actual or constructive notice of the filing of said petition; and that the proceedings had thereunder can not be reviewed in this case; and recommended a decree finding the issues for the defendants.

The learned chancellor who heard the cause found that the equities were with appellees, and ordered that the decree entered April 13, 1903, on the petition of Thorell be set aside and declared null and void and removed as a cloud on the premises; that the certificate of sale issued to Innes be declared null and void, and the record thereof removed as a cloud on the premises; that Innes, within three days, deliver said certificate to the clerk of the court to be cancelled, and that the defendants, except Giroux and Solberg, pay the costs.

From this decree the present appeal was perfected.

WILLIAM SLACK, for appellant.

STEPHEN C. KNIGHT and J. B. HUTCHINSON, for appellees.

MR. JUSTICE BALL delivered the opinion of the court.

From a careful examination of the record we fully agree with the chancellor that the allegations in the bill as finally amended are true.

The receiver, before he entered upon his duties, gave a bond satisfactory to the court, conditioned that he would faithfully and truly perform the duties of his office. If he failed so to do, the remedy at law was ample and complete.

The bid at the sale in the foreclosure proceedings paid the entire sum found to be due, with interest and costs. Upon the approval of the report of sale, the property had responded to all that it was pledged to perform, and the court with the close of the term in which such decretal order of approval was entered, so far as the property is

concerned, had exhausted its power and jurisdiction. And yet it is here asserted that more than three years after the approval of a sale which paid the debt for which the property was pledged, while that sale stood complete in all its parts and unchallenged, the court, upon a petition filed in the foreclosure suit, could subject the property to a second sale in order that certain defaults of the receiver might be cured. Such a contention finds no support in the books. It is a legal absurdity.

As we said in Dale v. Davis, 51 Ill. App. 332, "The debt and decree were fully satisfied when the premises were sold for the full amount of the debt, with interest and costs. After that, and as between the purchaser and the owner of the equity of redemption, the jurisdiction of the court ceased when the title to and the possession of the property he purchased had been completely perfected in the purchaser." To the same effect are McDonald v. Miller, 54 Ill. App. 330; Stoddard v. Walker, 90 Ill. 422; Koehler v. Brewing Co., 101 Ill. App. 340; Lightcap v. Bradley, 186 Ill. 525.

The cases of Knickerbocker v. McKindley Coal Co., 172 Ill. 535, and Knickerbocker v. Benes, 195 Ill. 434, are not in point. In each of those cases the claim made against the receiver was classed as a liability incurred in operating the property, a going concern. Here the claim arises solely from the receipt of rents.

The fact that Solberg, the complainant in the foreclosure proceeding, became the purchaser at the sale, is immaterial. He had the same right to bid at the sale as had any third person. He stood as would any other purchaser. That he was complainant neither gave him any rights, nor did it take from him any rights he otherwise would have had. Carroll v. Haigh, 97 Ill. App. 576.

It is true that when the bill of foreclosure was filed the property was taken possession of by the court through its receiver. But when at the sale the property brought enough to pay the entire debt, interest and costs, the right of the receiver to keep possession of the property ceased.

The rents, from the date of that sale to the end of the equity of redemption, belonged to Thorell, the mortgagor. He should then have asserted such right. That he did not do so, and thus enabled the receiver to expend such rents upon the property, does not give him the right to subject such property to a second sale, thereby taking it from the subsequent purchasers.

Undoubtedly the trial court, after the sale and its approval, retained jurisdiction over the receiver to compel him to make a fair account of his acts and doings, and if Solberg colluded with the receiver to exhaust the funds in the hands of that officer, we think he might be included as a proper party to respond in that accounting. But the bill in this case was filed to remove the sale and the certificate as a cloud upon the title to the property. The relief given, so far as appellees are concerned, was equitable and just. That the chancellor, in the absence of a request so to do, did not include in his decree a saving clause as to Giroux and Solberg for the benefit of Thorell, is not ground for reversal.

The decree of the Circuit Court is affirmed.

*Affirmed.*