## Rhoda A. Baldwin, Appellee, v. Lester E. Tuttle et al. Stella Wood, Appellant.

### Gen. No. 25,324.

MORTGAGES, § 738*—*when improper to appoint receiver to collect rents and profits during redemption period.* Under a trust deed which provided for the collection of rents upon default and for the payment of those collected after sale and until the expiration of the redemption period to the *purchaser* at the sale, but did not expressly pledge the rents and profits to the mortgagee during the redemption period, the owner of the equity of redemption, who had not assumed to pay the mortgage debt and who was therefore not personally liable for the debt and against whom there was no deficiency decree, was entitled to the rents and profits during the redemption period; and the appointment of a receiver to collect rents, etc., during the redemption period, upon the petition of complainant who purchased at the sale and in whose favor a deficiency decree was entered, but who filed her petition not as purchaser but as the holder of such decree, was improper.

MATCHETT, P. J., dissenting.

Interlocutory appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court. Reversed and remanded. Opinion filed October 10, 1919. Rehearing denied October 21, 1919.

**Statement by the Court.** This is an appeal from an interlocutory order of the Superior Court of Cook county, entered April 24, 1919, appointing a receiver of certain premises after foreclosure and sale and after a deficiency decree had been entered, for the purpose of collecting the rents during the period of redemption, and out of the rents so collected of making reasonable repairs and of applying the balance towards the satisfaction of said deficiency decree.

On March 16, 1894, Lester E. Tuttle and Ettie A. Tuttle, his wife, being indebted to Rhoda A. Baldwin, executed and delivered their principal note for $1,500,

*See **Illinois Notes Digest**, Vols. **XI** to **XV**, and **Cumulative Quarterly**, same topic and section number.

payable 5 years after date to the order of themselves and by them indorsed, together with interest coupon notes, and also their trust deed to William F. Lubeke, as trustee, conveying the premises to secure said indebtedness. The time of payment of said principal note was thereafter extended by several extensions to March 16, 1909. On July 1, 1905, the said Lester E. Tuttle and wife conveyed by warranty deed the said premises to Stella Wood, appellant, and, at the time of the filing of the bill and of the appointing of the receiver in this case, she was the owner of the equity of redemption. Said warranty deed recited that it was made "subject to an incumbrance thereon of $1,500," but the grantee (Stella Wood) did not assume and agree to pay the indebtedness. The master in chancery reported that the evidence was insufficient to hold Stella Wood personally liable for the payment of said indebtedness, his report was approved by the court, and no deficiency decree was rendered against her.

The trust deed contained a release and waiver of homestead, and it was provided therein, *inter alia*, that in case of default in the payment of any of said promissory notes, or any part thereof, or in case any of the buildings should be destroyed or injured or not kept in good order and repair, or in case of waste or nonpayment of taxes or assessments, or in case of the breach of any of the covenants or agreements in said trust deed mentioned, it should be lawful for the party of the second part (the trustee) or his successor in trust, or the person who might be appointed by the court to execute the trust, on application of the legal holder of said promissory notes or either of them, to enter upon and take possession of said premises and "to collect and receive all rents, issues and profits thereof," and in his own name or otherwise to file a bill or bills in any court having jurisdiction thereof against the party of the first part (grantors), their

heirs, executors, administrators and assigns, to obtain a decree for the sale and conveyance of the whole or any part of the premises, and "to pay any rents that may be collected after such sale and before the time of redemption expires to the *purchaser or purchasers* of said premises at such sale or sales." And it was further provided in the trust deed that:

"The said party of the second part, or person appointed by the court to execute this trust, may in case of any such default or breach of covenant take immediate possession of said premises, and collect the rents and profits as above provided, until the time of redemption shall expire under any sale that may be made by virtue of this trust deed, and the said party of the first part hereby expressly waive and release to the said party of the second part, his successor or person appointed by the court to execute this trust, all rights which they now have or may hereafter have under any law of this State, to retain possession of said premises after any such default or breach of covenant as aforesaid, until the time for redemption expires."

On December 18, 1918, Rhoda A. Baldwin filed her verified bill of complaint to foreclose said trust deed, making Lester E. Tuttle, Ettie A. Tuttle, his wife, Stella Wood, Theodore B. Wood, her husband, William F. Lubeke as trustee, and others, parties thereto. Certain amendments to the bill were afterwards made. All of the defendants were defaulted except Stella Wood and her husband, who filed answers. The bill as amended sets forth the execution and delivery of the notes and trust deed and the provisions of the trust deed; alleges that there is due complainant on said principal note the sum of $1,500, together with interest thereon from September 16, 1918, and certain moneys advanced, and that Stella Wood, the present owner, has allowed the premises to become in a dilapidated condition; and prays for a foreclosure and sale of the premises, that a receiver may be appointed to collect the rents and profits during the pendency of the pro-

ceedings and until the time of redemption shall expire, and that, in case of the failure upon a sale to realize a sufficient sum to satisfy the amount found to be due complainant, a personal decree be entered against Lester E. Tuttle and wife and Stella Wood for the deficiency.

The foreclosure decree was entered on March. 17, 1919, in which the court found that the said Lester E. Tuttle and wife had in said trust deed expressly waived and released all rights to retain possession of said premises after any such default or breach of covenant until the time for redemption expired; that in the event of a sale of the premises and a failure to realize a sufficient sum to satisfy complainant for principal, interest, moneys advanced, and for costs, complainant was entitled to a personal decree against said Lester E. Tuttle and wife for such deficiency and to have execution issue therefor; that the total amount due complainant was $1,702.23; and that complainant had a valid and subsisting lien upon the premises for the amount due her prior and superior to the rights and interests of all of the defendants. And the court decreed that, unless the defendants caused to be paid within 2 days the amount so found to be due complainant, together with interest and costs, the premises be sold at public sale by the master, etc.

The premises were thereafter duly sold. Rhoda A. Baldwin, the complainant, was the purchaser. On April 21, 1919, the master's report of sale was approved and a deficiency decree was entered in favor of complainant against Lester E. Tuttle and wife for the sum of $337.10.

Thereafter on the same day complainant filed her verified petition for the appointment of a receiver. In this petition she alleged, after setting forth the fact of the sale and the amount of the deficiency, that Lester E. Tuttle and Ettie A. Tuttle, his wife, were insolvent and that said deficiency could not be

realized out of them; that the premises were improved with a 3-story frame apartment building; that said building had been neglected and was in a bad state of repair; that it was necessary that a receiver be immediately appointed to take possession of the premises to put the same in repair, and to let the same; and that the net rents collected after payment for repairs be applied towards the satisfaction of said deficiency decree. Stella Wood and her husband had due notice of the application for the appointment of a receiver. Neither of them by answer denied the allegations of the petition. On April 24, 1919 (upon the verified bill of complaint as amended, the decree of sale and said verified petition for a receiver), the court entered an order appointing Theodore E. Wood receiver of the premises "until the period of redemption from the sale of said premises expired," upon his filing a bond in the sum of $600, and authorizing him, out of the rents to be collected, to make necessary repairs to preserve the premises and to keep them in a tenantable condition and "to apply the balance in his hands towards the satisfaction of said deficiency decree." The receiver gave bond and duly qualified as receiver.

JULIAN KWASIGROCH, for appellant; JAMES H. DUNN, of counsel.

THEODORE JOHNSON, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

It is here contended by counsel for appellant that the court had no authority under the facts and under the law to appoint the receiver and to direct said receiver out of the rents to be collected to apply the balance, after making the necessary repairs, towards the satisfaction of said deficiency decree. The argu-

ment is, in substance, that the trust deed in question in this case does not pledge the rents and profits to the mortgagee during the redemption period, and that, where the rents and profits are not therein so pledged and where it appears that the owner of the equity of redemption is not personally liable for the indebtedness and there is no deficiency decree against him, such owner of the equity of redemption is entitled to such rents and profits during said redemption period.

In the case of *Longley v. Wilk*, 171 Ill. App. 419, Longley, the owner and holder of the principal note secured by a trust deed, filed his bill to foreclose and, pending the suit, a receiver was appointed to collect the rents and profits. Subsequently the premises were sold under a decree of sale and Longley was the purchaser at such sale. The sale was approved and a deficiency decree was entered in favor of Longley and against one Sarah A. Bartlett, the original mortgagor. One Walter M. Cowell, trustee, was the owner of the equity of redemption. Longley filed a petition asking that a balance of money in the receiver's hands be applied upon said deficiency decree. On this petition the court found that said Cowell, the owner of the equity of redemption, had not assumed in any way to pay the mortgage debt, and that the balance in the receiver's hands belonged of right and by law to said Cowell, and the court ordered the receiver to pay said balance in his hands to said Cowell. From this order Longley appealed to this Appellate Court, where the order was affirmed. From an examination of the opinion in the case it appears that the provisions of the said Bartlett trust deed are almost identical with the provisions of the trust deed in the present case. Mr. Justice F. A. Smith in delivering the opinion said, p. 423:

"The provisions in the trust deed referring to the rents, issues and profits of the premises do not pledge or create a lien thereon in favor of the complainant

for the rents, issues and profits collected after the foreclosure sale and before the time of redemption expires, but provides that they shall be paid to the purchaser or purchasers of the premises at such sale. It cannot be claimed or contended successfully that because the complainant was the purchaser of the premises at the sale this provision of the trust deed pledged the rents covered by the decree or order under review to the complainant as such purchaser." (Citing *Schaeppi v. Bartholomae*, 217 Ill. 105, 110.) "The decree of sale in this case does not give the purchaser at the sale the rents, issues and profits, if any, during the redemption period. It does not dispose of them in any manner. In our opinion, the case of *Standish v. Musgrove*, 223 Ill. 500, controls the question presented by the order under review. * * * There was no deficiency decree against Walter M. Cowell, and moneys belonging to him could not be applied in payment of the deficiency decree against Sarah A. Bartlett. "

In *Standish v. Musgrove*, 223 Ill. 500, 505, it is said: "The substance of the provision of the trust deed referred to is, that the grantors waived all right to the possession of and income from the premises pending foreclosure proceedings, and in case of sale until the equity of redemption expired, and agreed that a receiver might be appointed to take charge of the premises and collect the income therefrom, and, after paying the expenses of receivership, pay the same to the person entitled to a deed under the certificate of sale. In *Schaeppi v. Bartholomae*, 217 Ill. 105, where the mortgage contained a similar provision, it was held that the purchaser at the sale took title under and by virtue of the decree, and could claim no right to the rent by virtue of the provisions of the mortgage. * * * The appellant, so far as disclosed by the record, was the owner of the equity of redemption. There was no deficiency judgment against the appellant and she is not made personally liable for the incumbrance by the decree. Under such circumstances, if she was in fact the owner of the equity of redemption, she was

entitled to the rents and profits of the premises until the time for redemption had expired. The appointment of a receiver did not divest her of that right. She was still entitled to the rents and profits pending redemption, less such expenditures as were necessary and proper in preserving the property, but not in bettering its condition."

In *Owsley v. Neeves,* 179 Ill. App. 61, the trust deed there in question, unlike the trust deed in the present case, *expressly* secured to the mortgagees a lien on the rents during the redemption period, and the question was whether the trial court had erred in ordering the rents accruing after foreclosure sale and before the expiration of the redemption period paid to said mortgagees (appellees) towards the satisfaction of the deficiency decree in their favor. It was held that under the particular facts in the case the trial court had not erred. But the court in the opinion (p. 65) said: "When the rents and profits *are not expressly mortgaged* to secure the debt, they, during the period of redemption, belong to the owner of the equity of redemption, if he is not personally liable for the mortgage debt and there is no deficiency judgment against him."

In *Stevens v. Pearson,* 202 Ill. App. 22, it appears that Stevens (appellant) had filed a bill in the Superior Court of Cook county to foreclose a trust deed given by Pearson and wife; that pending foreclosure a receiver had been appointed; that subsequently a foreclosure sale was had and a deficiency decree entered in favor of Stevens against Pearson and wife; that subsequently the court ordered the receiver within 30 days to pay the balance of moneys in his hands, which had been collected from the rents and profits during the redemption period, to Cagney (appellee) the owner of the equity of redemption; and that from this order Stevens appealed to this Appellate Court. It further appears, both from the original opinion and the additional opinion filed on petition for a rehearing,

that the trust deed in question did not expressly secure to the mortgagees a lien on the rents during the redemption period, and that Cagney was not personally liable for the mortgage debt or for the deficiency by the decree. The order of the trial court was affirmed.

In the present case it appears that, immediately after the deficiency decree for $337.10 was entered in favor of complainant (appellee) and against Lester E. Tuttle and wife only, the complainant filed her petition for a receiver. And it clearly appears that she filed that petition, not as the purchaser at the sale, but as the holder of said deficiency decree, for the sole purpose of obtaining satisfaction, full or partial, of the amount of said deficiency decree out of the net rents, to be collected during the redemption period by a receiver appointed under an order of the court. In view of the facts in the present case, viz., that the trust deed in question did not expressly secure to the complainant a lien on the rents during the redemption period and that appellant, Stella Wood, owner of the equity of redemption, was not personally liable for the indebtedness and no deficiency decree was rendered against her, and in view of the prior decisions of this court and of the Supreme Court above referred to, we are constrained to hold that the court erred in appointing the receiver "until the period of redemption from the sale of said premises expired," and authorizing him out of the rents to be collected to make necessary repairs to preserve the premises, and "to apply the balance in his hands towards the satisfaction of said deficiency decree." In our opinion, after the foreclosure sale in this case and until the period of redemption expired, the owner of the equity of redemption was entitled to the rents and profits from the premises; and was also entitled, subject to the equitable rights of the purchaser at such sale or her assigns, to the management and control of the property.

(*Bogardus v. Moses,* 181 Ill. 554-558; *Haigh v. Carroll,* 209 Ill. 576-580.)

Counsel for appellee cites several decisions of the Supreme Court of this State and contends that they authorize the appointment of a receiver in such a case as the present one for the purpose of having the net rents applied towards the satisfaction of the deficiency decree. Among the cases cited are *Haas v. Chicago Building Society,* 89 Ill. 498; *First Nat. Bank of Joliet v. Illinois Steel Co.,* 174 Ill. 140; *Bagley v. Illinois Trust & Savings Bank,* 199 Ill. 76, and *Prussing v. Lancaster,* 234 Ill. 462. An examination of the first three cases, however, discloses that either the owner of the equity of redemption was also the original maker of the notes and mortgage, and therefore personally liable for the debt, or, the rents and profits during the redemption period had been expressly mortgaged by the provisions of the trust deed to secure the debt. In the *Prussing* case it is not disclosed what the provisions of the trust deed were. These cases, therefore, are to be distinguished from the present case.

For the reasons indicated the order of the Superior Court appointing the receiver is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

MR. PRESIDING JUSTICE MATCHETT dissents.