ROSABEL F. STEVENS, Admx.

*v.*

ABRAM H. HADFIELD.

*Opinion filed April 16, 1902.*

1. RECEIVERS—*receiver in foreclosure holds rents and profits for benefit of holder of equity of redemption.* A receiver in foreclosure holds the money received as rents and profits, collected during the period for redemption, for the holder of the equity of redemption, subject only to the payment of such proper charges as may be allowed by the court, and not for the benefit of the purchaser at the sale.

2. SAME—*what not proper payments by receiver in foreclosure.* If the purchaser at a foreclosure sale takes the title subject to a prior mortgage which he covenants to pay, the receiver in foreclosure has no right to pay the interest on such prior mortgage during the period of redemption nor to pay taxes on the mortgaged premises.

3. SAME—*receiver may pay insurance.* Payments by a receiver in foreclosure, during the period of redemption, for fire and plate glass insurance, are for the benefit of the property and are properly allowed in his report.

*Stevens* v. *Hadfield*, 90 Ill. App. 405, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

N. M. JONES, for plaintiff in error.

B. W. ELLIS & SON, for defendant in error.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is a writ of error to the Appellate Court for the First District to reverse a judgment in that court affirming a decree of the superior court of Cook county. The case was before us at a former term on appeal, and is reported in vol. 178 of our Reports, at page 532, from which will appear a statement of the preliminary facts. That appeal was brought to reverse the same order brought in review by this writ of error.

The controversy between the parties grows out of the rulings of the superior court on the report of Julius H. Stevens as receiver. On April 20, 1896, he filed his report, showing that he had collected $3421.78 and had disbursed $3735.54,—$313.76 more than he had received,— which latter amount he reported had been made good to him by Charles B. Eggleston, the purchaser at the foreclosure sale. In that report he claimed no credit for commissions to himself or for attorney's fees. The defendant in error objected to his report, first, because he claimed credit for taxes paid on the mortgaged premises after they had been purchased at the foreclosure sale by Eggleston, amounting to $701.54; second, because he paid interest on the first trust deed on the premises after the sale, amounting to $1750; third, because he paid $281.85 costs in the foreclosure suit; and fourth, because he paid insurance thereon to the amount of $524, $245 of which was paid January 14, 1896, two months before the purchaser received a deed. On these objections the matter

was referred to a master in chancery to take the evidence and report his conclusions to the court. Being advised that the master would revise the report by disallowing the claim for costs in the foreclosure suit, the receiver withdrew that item and asked an allowance for his own services of $344.75 and $100 for his solicitor's fees. The master thereupon reported, recommending an approval of the account thus amended, except the sum of $702.15 for taxes, $210 for a portion of the fire insurance premiums and $100 for solicitor's fees, thus giving the receiver credit for disbursements to the amount of $3189.60 and leaving in his hands a balance only of $232.18. The court, however, upon exceptions, approved the master's report in part only, disallowing the sum of $1750 paid on the former mortgage but allowing the claim for commissions and solicitor's fees, so that the account as approved by the court stood, receipts $3421.76, disbursements $1539.60, leaving a balance in his hands of $1882.16.

Plaintiff in error insists that the disallowance of the item of $702.15 paid for taxes during the period of redemption, and that of $1750 interest paid on the former mortgage, was erroneous. It is quite clear from the evidence that the receiver did not keep accurate accounts of his disbursements, and that the matter was largely entrusted to the firm of Mallette & Eggleston, in whose employ the receiver was at the time. We think the superior court was clearly right in excluding the foregoing items. Defendant in error was the holder of the equity of redemption, and he was entitled, as against the purchaser, Eggleston, to the rents and profits collected during the period for redemption which remained in the receiver's hands after paying the deficiency decree and other items allowed by the court. (*Stevens* v. *Hadfield,* *supra.*) The interest upon the senior mortgage was a matter with which the receiver had nothing to do. The purchaser, Eggleston, took the title subject to that mortgage, and had no right to call upon the receiver to pay

any part of it. The fact that defendant in error had assumed that mortgage by covenants in his deed conferred no right or duty upon the receiver to enforce the same. In other words, the receiver was an entire stranger to that covenant and had nothing whatever to do with the mortgage. For the same reasons he had no right to pay the $702.15 taxes. We said in *Davis* v. *Dale*, 150 Ill. 239: "The owner of the equity of redemption was entitled to receive the rents thereof after the sale and until the time of redemption expired;" and in *Stevens* v. *Hadfield, supra:* "Eggleston, the purchaser at the foreclosure sale, had no claim to these rents by virtue of his purchase." In other words, the receiver held the money received as rents and profits for the holder of the equity of redemption, subject only to the payment of such proper charges against it as might be allowed by the court, and not, in any sense, for the benefit of the purchaser at the foreclosure sale.

The defendant in error has filed cross-errors questioning the allowance of commissions to the receiver, his attorney's fees, insurance money and interest paid on the deficiency decree. While there may be some doubt as to whether the receiver ought to have been allowed to change his report claiming $344.75 commissions and $100 attorney's fees merely because other items of his account had been stricken out, still we think, under all the evidence in the case, the allowance is equitable and just. The item for commissions is but a few dollars in excess of that which one of the solicitors for the defendant in error testified was the usual allowance. The contention seems to be, not that he was entitled to no commissions whatever, but that he should have been allowed but five per cent instead of the amount charged, which is substantially ten per cent of the amount received and disbursed. There was no evidence as to the reasonableness of the charges except that referred to, and we think it authorized the allowance made by the court.

It is insisted that the $100 solicitor's fees should have been disallowed because the attorney employed was hostile to the defendant in error, and, under the rule announced in *Farwell* v. *Great Western Tel. Co.* 161 Ill. 522, incompetent to act. He was the solicitor of the complainant in the foreclosure proceeding, and seems to have represented, since then, the purchaser at that sale and the receiver in his litigation with the defendant in error herein. The fees charged and allowed do not, however, appear to have been for services rendered in any of this litigation. At least there is no evidence tending to show that the services claimed for were not rendered to the receiver in the matter of collecting and disbursing rents, etc. There was therefore no substantial error in the allowance of the fees.

The credit for plate glass and fire insurance on the property was properly allowed. These payments were for the benefit of the property and to preserve it from loss by fire. The small item of $20 interest on the deficiency decree was also, we think, under the evidence, properly allowed. As to that item the contention is that the receiver had in his hands funds out of which he could have paid the deficiency before the accruing of that or any other amount of interest. That he actually paid the interest appears from the evidence, and we do not feel called upon to make the computations and re-statement of his accounts for the purpose of determining whether he was properly diligent in the disbursement of money in his hands or not.

On the whole record we have reached the conclusion that the order of the superior court in its approval of the report is substantially correct and that the Appellate Court committed no error in affirming the same. Its judgment will accordingly be affirmed.

*Judgment affirmed.*