### Amanda M. West v. Cyrus H. Adams et al., Trustees.

1. MORTGAGES—*No Lien upon Rents and Profits Unless Specified.*—A mortgagee has no specific lien upon the rents and profits of the mortgaged lands unless he has in his mortgage stipulated for a specific pledge of them as part of his security.

2. SAME—*Appointment of a Receiver Where the Rents and Profits are Mortgaged.*—Where it is stipulated in the mortgage that the rents and profits shall be security for the payment of the mortgage debt, such stipulation authorizes the appointment of a receiver, in the discretion of the court, without regard to the solvency of the mortgagors.

3. PRACTICE—*In the Absence of a Complete Record.*—In the absence of a complete record the decree of the court will be supported by every reasonable intendment and presumption.

4. RECEIVERS—*Where Mortgage Gives No Lien upon the Rents and Profits.*—Where the mortgage gives no lien upon the rents and profits a receiver will not be appointed unless it is made to appear that the mortgaged premises are an insufficient security for the debt and the person liable personally for the debt is insolvent or at least of very questionable responsibility.

**Bill to Foreclose a Mortgage.**—Error to the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed February 13, 1903.

Amanda M. West filed her bill September 6, 1896, to foreclose a second mortgage on certain property, dated May 1, 1893, made by Welcome Hyde to secure the payment of $21,657.37. A receiver was appointed therein and collected

certain rents from said premises. , This petition was filed by her in her said foreclosure proceeding to compel the receiver to pay over to her the said rents, and set forth the following representations: that said Hyde had, previous to giving petitioner said mortgage, acquired the title to said property from Fannie C. Fetter, and George C. Fetter, her husband, and when thus acquired it was subject to a first mortgage given by said Fetters to secure the payment of their certain note of $18,000, dated July 20, 1892, which was a prior and superior lien to the mortgage given by said Hyde, and that in said foreclosure proceedings, on September 26, 1896, a receiver was appointed to collect the rents for said real estate; that on the 21st day of December, 1896, a decree was entered finding that there was due said Amanda M. West on account of said indebtedness secured by said second mortgage, $26,287.86; and the receiver was thereupon ordered to turn over to her the money then in his hands to apply on the said indebtedness, and to pay over from time to time thereafter to her such sums of money as might come into his hands to be applied on said indebtedness; that March 7, 1898, Mary F. Blair, Chauncey J. Blair and Cyrus H. Adams, as trustees under the will of Lyman Blair, deceased, filed their bill for the foreclosure of said first mortgage; that thereafter a decree of foreclosure was entered and the said property ordered to be sold thereunder and a sale was made; and a sufficient amount not being realized to satisfy the indebtedness secured by the first mortgage, a deficiency decree of $398.55 was entered against the said Fetters, makers of the note secured by said first mortgage, and that the receiver appointed in said foreclosure proceedings of the second mortgage was appointed receiver to collect rents to pay said deficiency decree, but it was provided that all questions of the rights of parties to the surplus in the hands of the receiver upon the filing of his final account should be reserved by the court until the final order of distribution.

The petition further represents that the said Fetters at the time of the entry of said deficiency decree owned property in Cook county not exempt from execution, from which

the entire amount of the deficiency decree could have been paid; that no effort was made to collect the same from the said Fetters; that said property was bid in by the owners of the first mortgage at less than its real value; that the petitioner is informed that the Fetters, in order to make title to a certain piece of their real estate free from the lien of said deficiency judgment, in some way, either by secret agreement or by depositing the amount of said judgment with a trustee to indemnify any party interested from any loss resulting from the enforcement of said decree, procured a release of said piece of property from the lien of said deficiency decree; that on the seventh day of April, 1900, the receiver filed his final account in this cause, from which it appears that all in his hands and due him was $377.77; and petitioner prays that the receiver may be ordered to pay over to her said funds.

A general demurrer of Mary J. Blair et al., as trustees, was filed April 19, 1900, and on June 21, 1900, a decree sustaining said demurrer and awarding distribution, was entered as appears from the abstract. It was ordered that the receiver apply the balance in his hands as shown by his final report in payment of said deficiency decree and pay said petitioner the remainder of said sum; and it was further ordered that upon filing receipts for said payments said receiver should stand discharged from further duties as receiver in this cause and in the said cause of Blair v. Fetter.

C. W. GREENFIELD, attorney for plaintiff in error.

WILSON, MOORE & McILVAINE, attorneys for defendants in error.

MR. JUSTICE BURKE delivered the opinion of the court.

This is a writ of error prosecuted to reverse a decree of the Circuit Court directing the distribution of rents of certain mortgaged premises collected by a receiver. Under foreclosure proceedings by a second mortgagee a receiver was appointed and soon thereafter the first mortgagee insti-

tuted foreclosure proceedings against the same property and the receivership of the first suit was extended to the second, with an order, acquiesced in by all parties to both proceedings, directing the receiver to collect the rents and hold them until the right thereto as between the first and second mortgagees should be determined by the court.

It is contended by the plaintiff in error that the defendants in error could have collected their deficiency decree if they had been diligent in enforcing its payment by the Fetters. It is, however, conceded by her counsel that a mortgage may be and frequently is so drafted as to give a mortgagee an express lien upon the rents arising from the mortgaged property. It is the law of this state that a mortgagee has no specific lien upon the rents and profits of the mortgaged lands unless he has in his mortgage stipulated for a specific pledge of them as part of his security. Vol. 1, Jones on Mortgages, Sec. 771.

The record before us is incomplete, in that it does not purport to state all the stipulations of the first mortgage, but upon the hearing of the petition filed in this case said mortgage was before the trial court, and without violence we may presume that therein the rents and profits were specifically mortgaged. If so, such stipulation authorized the appointment of a receiver in the discretion of the court, without regard to the solvency of the mortgagors. First Nat. Bank v. Ill. Steel Co., 174 Ill. 140; Loughbridge v. Haugan, 79 Ill. App. 644.

Presumptions which are reasonable and not negatived by the petition must be indulged in favor of the decree ordering the rents to be applied in payment of the deficiency decree. Upon well established principles, it must be held that in the absence of a complete record the decree of the court will be supported by every reasonable intendment and presumption. Culver v. Schroth, 153 Ill. 437.

The record must fully and fairly present all matters necessary for a decision of the questions involved in the assignment of error.

It may be urged that the mortgage was no part of the

petition and therefore that the conditions of the mortgage can not now be considered in determining whether the court decided properly in sustaining the demurrer to the petition. This suggestion is disposed of in either one of two ways. First, the petition was not a formal and original pleading, but was simply a document filed in the original proceedings by one of the parties thereto asking for the payment of moneys collected by the receiver in the language of the petition pursuant "to a decree theretofore entered in the same case." It certainly follows that the decision of the court upon the propriety of such an interlocutory motion or prayer involved an examination of any and all parts of the orders, decrees and files of the case, a part of which is the trust deed in question. From the very fact that the petition was filed in the foreclosure proceedings by the complainant therein, and thereby but urging and repeating the prayer of her original bill, by implication there were incorporated in it all parts of the original proceedings which related to and were germane to the subject-matter contained in the petition, and it is especially true that the court in considering the petition was justified in looking beyond the petition, because the petition requests the court to grant its prayer pursuant to the decree theretofore entered in that same cause. Second, the petition does not purport to set out the substance of the decree therein referred to, nor does it purport to set out the decrees and orders entered in either of said foreclosure proceedings which refer to the disposition of the rentals or of the orders referred to in said petition. It is entirely possible and even probable that an inspection of the decrees referred to would reveal the ground upon which the trial court acted in entering the decree providing for the distribution of rents collected by the receiver in this case.

It appears from the petition that the first mortgagee made some showing which moved the court to appoint the receiver in this case and it is to be presumed that the grounds were sufficient to warrant such appointment and it may be that those grounds were found and stated by the court, and

West v. Adams.

doubtless were so stated, in the decree appointing the receiver. That decree was before the trial court, but is not found in this record. It is true the portion of the decree shown recites that questions relating to the final distribution of rents would be reserved, but there is no intimation that the findings of the court upon which the appointment of the receiver was made would be reviewed when the question of the distribution of the assets in the hands of the receiver was considered. The order appointing the receiver was final so far as the mortgagees' right to have him appointed is concerned. In First National Bank v. Illinois Steel Company, *supra*, it is said that a court of equity has power to appoint a receiver and grant equitable relief where there are no express words in the mortgage giving a lien upon rents and profits derived from the property. In such a case, whether relief will be granted is dependent upon the facts and circumstances at the time application is made. Such action will not be taken, however, unless it be made to appear that the mortgaged premises are an insufficient security for the debt and the person liable personally for the debt is insolvent or at least of very questionable responsibility. Haas v. Chicago Building Society, 89 Ill. 498.

In the case at bar the petition states that the mortgagors giving the first mortgage were abundantly solvent and had a large amount of property in Cook county in their possession not exempt and subject to execution. If the petition is true in that regard, although its statement is not to be taken as sufficient to set aside the decree of appointment if based in part upon the insolvency of the mortgagors, still in order to reconcile such statement with the appointment of a receiver under the first trust deed, it is to be presumed in this case that said trust deed did contain an express grant of the rents and thereby was created an express lien thereon in favor of the deficiency decree.

It is suggested that the property under the foreclosure sale was bid in at an amount less than its real value. There is no force in this suggestion. There is no averment in the petition which will lead us to assume that the premises

were worth more than the amount realized at the sale. Roach v. Glos, 181 Ill. 440. And finally, it is stated in the petition that plaintiff in error is informed that defendants in error have made some arrangement by which some property other than the premises in question were released from the general lien of the deficiency decree. It is sufficient answer to say that if the defendants in error had a specific lien upon the rents in question, they had sufficient security, and it was their privilege and right to release all other property from the general lien of the deficiency decree. In view of the absence from this record of certain orders, decrees and files, relevant and necessary to be considered in determining the validity of the decree, and in view of the reasonable presumption in favor of the decree arising by implication of law and from the averments of the petition, we are of the opinion that the decree ought to be affirmed.

The decree of the Circuit Court is affirmed.