GRACE M. STANDISH

*v.*

FREDERICK E. MUSGROVE *et al.*

*Opinion filed October 23, 1906—Rehearing denied Dec. 6, 1906.*

1. APPEALS AND ERRORS—*party in whose favor a decree is rendered must preserve evidence to sustain it.* In chancery, the party in whose favor a decree granting affirmative relief is rendered, to sustain it on appeal, must preserve the evidence by a certificate of evidence or the decree must specifically find the facts that were proved on the hearing.

2. SAME—*when objections will not be presumed to have been filed after report was approved.* Failure of an order approving a receiver's final report in foreclosure to mention any disposition of objections by the owner of the equity of redemption does not raise a presumption that the objections were filed after the report was approved, where the record shows the owner of the equity of redemption was a party to the suit and had filed a petition to require the receiver to report, and the order recites that it was made "with the consent of the party owning the equity of redemption," which recital was afterwards stricken from the order.

3. RECEIVERS—*receiver's report should be closely scrutinized.* The report of a receiver in foreclosure should be closely scrutinized by the court, even in the absence of objections by an interested party, and where large expenditures on the property appear, the correctness thereof should be shown by something more than the mere statements of the receiver.

4. SAME—*receiver in foreclosure not permitted to expend large sums for benefit of purchaser.* A receiver in foreclosure should not be permitted, under the pretense of keeping the property in repair, to expend large sums· for the benefit of the party holding the certificate of ·purchase.

5. SAME—*court may investigate all accounts of the receiver on final report.* A court has power to investigate and determine the correctness of all the accounts of a receiver when his final report is filed, notwithstanding a partial report has previously been approved.

6. MORTGAGES—*purchaser at sale is not entitled to rents during redemption period.* The purchaser at a foreclosure sale is not entitled to the rents and profits during the redemption period and while the premises are in possession of a receiver, even though the mortgage so provides, since the rights of the purchaser are de- ·rived from the decree, and not from the mortgage.

7. SAME—*when owner of equity of redemption is entitled to the rents and profits.* The owner of the equity of redemption is entitled to the rents and profits during the redemption period, less such expenditures as are necessary in preserving the property, where the deficiency decree, under which the receiver is in possession, is not against such owner of the equity but against other parties.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of. Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

JOHN C. WILSON, and WILLIAM SLACK, for appellant.

SCOTT, BANCROFT, LORD & STEPHENS, (EDGAR A. BANCROFT, and JOHN E. MACLEISH, of counsel,) for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Mabel V. L. Hamilton filed her bill in the superior court of Cook county against certain defendants, including the appellant, praying the foreclosure of a trust deed executed by Benjamin Thomas and wife to one Hangan, as trustee, conveying certain real estate in Chicago, described as 4239 and 4241 St. Lawrence avenue. The trust deed·was executed to secure a note of Benjamin Thomas for $14,000, dated August 16, 1895, payable to his own order and by

him endorsed. The bill alleged that appellant had by *mesne* conveyances become the owner of the premises subject to the trust deed. Appellant was served by publication, but not answering was defaulted and the bill taken for confessed as to her, and a decree for sale entered May 13, 1901, and the premises afterwards sold to Frederick E. Musgrove, one of appellees. Upon the coming in of the master's report, June 12, 1901, the sale was approved and confirmed and a deficiency decree entered against defendants, Grace M. Dewar, Charles C. Stratton and E. Clyde Parmlee, for $796.16. After filing the bill and before the decree for sale, appellee M. L. Wilborn was appointed receiver of the mortgaged premises. In the decree approving the master's report and rendering the deficiency judgment, it was also ordered "that the receiver heretofore appointed in this cause continue in the possession of the premises described in the bill of complaint and the decree herein as such receiver, and rent the same and collect the rents, issues and profits thereof, all as he has heretofore been ordered to do, and that he make report to this court, when called upon, of his doings in the premises and account for said rents, issues and profits, and the court retains jurisdiction of this cause for all purposes necessary to the proper management of said receivership, until the coming in and confirmation of said receiver's final report and his discharge." May 2, 1902, appellant filed a petition in the case, alleging she was the owner of the equity of redemption and praying an order directing the receiver to file his account and report, and thereupon the court entered an order directing the receiver to file his account and report within five days and to expend no more money on the premises without the direction of the court. The receiver appears to have filed a report May 7 and a supplemental report May 15. On May 9 appellant filed exceptions to the first report. July 2, 1902, on motion of the solicitor for the receiver, it was "ordered that the report and the supplemental report of said receiver be and the same is hereby approved."

We have no means of knowing what these reports were, as they are not contained in the record. October 10, 1902, the receiver filed his final report, showing the total amount of receipts and expenditures during his entire receivership. The total receipts from rents was $2334.17 and the total expenditures $1953.44, leaving a balance on hand of $380.73. The receiver asked that his compensation be directed to be paid out of that balance. October 14 appellant filed objections to the receiver's report. On the same day an order was entered by the court approving the report, directing that the receiver retain $100 for his compensation, and pay the remainder, $280.73, to appellee Musgrove, "the legal holder of the master's deed herein." The order recited that it was made "by consent of the party owning the equity of redemption," but the following day the court entered an order finding these words were improperly inserted in the order of the day before and directing that said order be amended by striking them out. To reverse this judgment approving the receiver's report the appellant sued a writ of error out of the Appellate Court for the First District. That court affirmed the judgment and decree of the superior court, and the case is brought to this court by appeal.

We have endeavored to set out fully all the record shows, from the filing of the bill to foreclose the trust deed to the approval of the final report of the receiver, for the reason that it is contended by appellees the record is too incomplete and imperfect to present any question for our determination. It is true the record is in two parts, is not well arranged and contains no certificate of evidence, but it is complete enough to present some of the questions raised by the assignment of errors. The record does not show whether there was a hearing at which evidence was heard on the objections filed May 9 to the report of the receiver, or on the objections filed by appellant October 14, the same day the final report was approved. So far as is shown by the record no witnesses were introduced and no testimony heard. The order

of October 14 recites that the cause came on "to be heard on the motion and the report of the receiver herein, due notice having been given to all parties hereto." There is nothing in the order to indicate the hearing of evidence other than the examination of the report, nor does it contain any finding of facts. It is familiar law to the legal profession that in chancery a party in whose favor a decree is rendered, to sustain it on appeal, must preserve the evidence in a certificate of evidence or the decree must specifically find the facts that were proved on the hearing. This is the reverse of the rule at law. *Ryan* v. *Sanford,* 133 Ill. 291; *Marvin* v. *Collins,* 98 id. 510.

There is no mention made of any disposition of the objections in the order of the court, and it is contended by appellees that the presumption is they were filed after the order was entered approving the report. This position is not sustained by the record itself. The bill alleged appellant was the owner of the premises subject to the trust deed. She had also, on May 2, 1902, filed her petition in the case, in which she alleged she was the owner of the equity of redemption and asked that the receiver be required to file a report. She was a party in the case, was known to be so and known to be claiming an interest in the receivership. The order approving the report recites that it was heard on motion and report of the receiver, "due notice having been given to all parties hereto." Then follows the statement that the order was made "by consent of the party owning the equity of redemption," which was on the following day struck out. Under this state of the record we would not be justified in presuming that the report was approved before the objections were filed. In the proper order of time in such proceedings the filing of objections would precede the order and judgment approving the report, and the reasonable presumption is that they were filed before the report was approved. *Lyon* v. *Barney,* 1 Scam. 387; *Glos* v. *Cary,* 194 id. 214.

It is claimed by the appellees that appellant was not the owner of the equity of redemption and therefore had no interest in the receivership. According to the averments of the bill to foreclose the trust deed she was the owner of it at the time the bill was filed, and according to her sworn statement in her petition filed May 2, 1902, she was the owner of it then, and we find nothing else in the record to the contrary. If she was, in fact, not the owner of the equity of redemption, and if she had no interest in the receivership, this could have been shown on the hearing of her exceptions to the receiver's report, but we cannot say from this record that she was not such owner. But even in the absence of objections by an interested party a court should closely scrutinize the accounts of a receiver before approving them. The inclination to be liberal with other people's property is too well known to be overlooked. No vouchers for expenditures accompany the report, and no evidence is preserved showing that the court made any investigation of the matter whatever. We think the court should not have approved the report under such circumstances, but should have required more than the uncorroborated statement of the receiver as to the receipts and expenditures,—especially the latter,—and the necessity for them.

The superior court also erred in directing the balance in the receiver's hands, as shown by his report, to be paid to Musgrove, the purchaser at the master's sale. In making this order and direction that court was doubtless governed by certain provisions in the trust deed, as the Appellate Court also appears to have been in affirming the decree of the superior court. The substance of the provision of the trust deed referred to is, that the grantors waived all right to the possession of and income from the premises pending foreclosure proceedings, and in case of sale until the equity of redemption expired, and agreed that a receiver might be appointed to take charge of the premises and collect the income therefrom, and, after paying the expenses of receiver-

ship, pay the same to the person entitled to a deed under the certificate of sale. In *Schaeppi* v. *Bartholomae*, 217 Ill. 105, where the mortgage contained a similar provision, it was held that the purchaser at the sale took title under and by virtue of the decree, and could claim no right to the rent by virtue of the provisions of the mortgage. By Musgrove's purchase at the foreclosure sale he acquired no title to the land during the period allowed by law for redemption. He merely acquired the right to receive the redemption money if the premises were redeemed, or a deed to the property if there was no redemption. *Strauss* v. *Tuckhorn*, 200 Ill. 75.

The receiver's report shows he expended $1953.44 of the receipts, on the property. We do not regard the propriety of these expenditures as being before us for determination at this time, but we think the court should have carefully investigated the expenditure of such a large sum of money on the property during the time allowed for redemption, before approving the report. The correctness of these expenditures should be made to appear from something more than the statements contained in the report itself. It would be clearly wrong and is not to be tolerated that a receiver, under the pretense of keeping the property in necessary repair, should be permitted to spend large sums upon it for the benefit of the party holding the certificate of purchase. The appellant, so far as disclosed by the record, was the owner of the equity of redemption. There was no deficiency judgment against the appellant and she is not made personally liable for the encumbrance by the decree. Under such circumstances, if she was in fact the owner of the equity of redemption she was entitled to the rents and profits of the premises until the time for redemption had expired. The appointment of a receiver did not divest her of that right. She was still entitled to the rents and profits pending redemption, less such expenditures as were necessary and proper in preserving the property, but not in bettering its condition. *Davis* v. *Dale*, 150 Ill. 239; *Stevens* v. *Hadfield*, 178 id. 532.

The deficiency judgment was against Grace M. Dewar, Charles C. Stratton and E. Clyde Parmlee. The decree of foreclosure finds that each of those parties accepted a conveyance of the mortgaged premises, and agreed, as a part of the consideration, to pay the encumbrance. There is no finding in the decree that appellant became personally liable for the mortgage indebtedness, hence there was no deficiency judgment against her.

The superior court had full power and authority, when the final report of the receiver was filed, to investigate and determine the correctness of all his accounts, notwithstanding a partial report had been previously approved.

For the reasons given, the judgment of the Appellate and the decree of the superior courts are reversed and the cause remanded to the superior court for further proceedings in harmony with the views herein expressed.

*Reversed and remanded.*