James Longley, v. Frederick L. Wilk et al., on Appeal of James Longley, Appellant, v. Walter M. Cowell, Appellee.

## Gen. No. 17,100.

1. EQUITY—*necessity of averments to support proof.* A party is not entitled to relief, though the evidence may establish a clear right to such relief, unless there are averments in the bill to support the case made by the evidence.

2. MORTGAGES—*when bill of foreclosure must allege complainant is entitled to rents.* Where a bill to foreclose a deed of trust contains no allegations as to rents collected by a receiver of the premises until the expiration of the period of redemption and does not pray for an accounting or a decree respecting them, such rents cannot be decreed to the complainant.

3. MORTGAGES—*right to rents during redemption period.* Where a deed of trust pledged the rents from the premises, but not during the redemption period, and provided that they should be paid to the purchaser on foreclosure until the expiration of the period of redemption, and on foreclosure a receiver is appointed to collect the rents until the expiration of such period, and the premises are sold under a decree to the grantee of the trust deed, the decree not disposing of the rents in any manner, the owner of the equity of redemption, not made personally liable for the incum-

brance by the decree, is entitled to the rents collected by the receiver after the sale.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed June 14, 1912.

GAIL DRAY, for appellant.

WILLIAM SLACK, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

The sole question presented by this appeal is whether the complainant appellant is entitled to the $418.35, consisting of rents collected during the running of the period of redemption by the receiver in this foreclosure case, or Walter M. Cowell, trustee, as the owner of the equity of redemption is entitled to it.

The complainant James Longley, appellant, being the owner and holder of a note for $5,500, signed by Sarah A. Bartlett and John A. Bartlett, her husband, filed his bill to foreclose a trust deed given by said Sarah A. Bartlett and husband to secure the note. The bill alleged that to secure payment of the note, Sarah A. Bartlett and husband had conveyed to S. W. Rawson, as trustee, certain premises together with the rents, issues and profits thereof; that mortgagors had waived all rights under the exemption and homestead laws of Illinois, and all rights to retain possession of the premises in question after default and until the time for redemption from any foreclosure sale should expire; that in case of default it should be lawful for the trustee, or person appointed by the court, to take possession of the premises and to collect the rents, issues and profits thereof; that the premises were meager and scant security for the note, and prayed that a receiver might be appointed to collect rents and profits until the expiration of the period of redemption; that upon an accounting the

court would adjudge how much was due the complainant upon the principal note, together with interest, and for other expenditures under the trust deed; and that complainant might have execution against Sarah A. Bartlett for any deficiency after the sale of the premises.

The trust deed attached to the bill of complaint and made a part thereof contained the following clauses, following a description of the premises:

"To have and to hold the same, together with all and singular the tenements, hereditaments, etc., * * * to the said party of the second part * * * in trust, nevertheless, that in case of default in payment of said promissory notes or any of them * * * or in case of the breach of any of the covenants or agreements herein mentioned, then and from thenceforth it shall be lawful for the said party of the second part or his successor in trust, or the person who may be appointed by the court to execute this trust, on application of the legal holder of the said promissory notes or either of them, to enter into and upon and take possession of the premises hereby granted, or any part thereof, and to collect and receive all rents, issues and profits thereof, and in his own name or otherwise to file a bill or bills * * * to obtain in a decree for the sale and conveyance of the whole or any part of said premises, * * * and to pay any rents that may be collected after such sale and before the time of redemption expires to the purchaser or purchasers of said premises at said sale or sales.

And the said party of the second part, or person appointed by the court to execute the trust, may, in case of default or breach of covenant, take immediate possession of said premises and collect the rents and profits as above provided until the time of redemption shall expire * * * and the party of the second part hereby expressly waive and release * * * all rights * * * under any law of this state to retain possession of said premises after any such default or breach of covenant as aforesaid until the time for redemption expires."

A receiver was appointed to collect the rents and profits and directed to hold them subject to the order of the court. The defendants in the bill were all defaulted, and the bill was referred to a master in chancery, who took testimony and made his report, which was approved by the court, and the sale of the premises ordered.

The property was sold on December 15, 1908, to the complainant. The sale was approved by the court and a deficiency decree entered for $597.94 against Sarah A. Bartlett.

The receiver filed his amended final report, showing the above balance in his hands of $418.35, which was approved by the court.

The complainant James A. Longley filed his petition asking that the balance in the receiver's hands might be applied upon the deficiency decree. On this petition and motion the court found from the receiver's report that there was in the receiver's hands $418.35, consisting of rents collected during the running of the period of redemption; that Walter M. Cowell, trustee, was the owner of the equity of redemption; that said Cowell had not assumed in any way to pay the mortgage debt, and that the balance in the receiver's hands belonged as a matter of right and law to Walter M. Cowell, trustee, and ordered the receiver to pay the balance in his hands to Walter M. Cowell, trustee, and taxed the costs against James Longley, complainant.

From this order or decree the complainant prosecutes this appeal.

It is contended on behalf of the complainant that the order or decree is erroneous because the trust deed pledged the rents, issues and profits as security for the mortgage debt, and that by the appointment of a receiver the complainant obtained a specific lien on the rents and profits to pay the deficiency decree.

Many cases are cited in behalf of complainant in support of this proposition. They are, however, in

our opinion not applicable to the terms of the trust deed attached to the bill in this case and forming a part of it, for the fundamental reason that the trust deed did not pledge the rents of the property to the complainant during the redemption period. The trust deed in this respect differs from the provisions of the trust deeds or mortgages under consideration in the cases cited on behalf of appellant; and furthermore, the foreclosure decree did not give to the complainant a lien upon the rents which were collected after a sale, and before the time of redemption expired.

The bill for foreclosure contains no allegations as to the rents and profits under consideration, nor does it pray for an accounting or a decree respecting them, and if the decree had undertaken to subject the rents and profits of the premises collected after the sale and before the time of redemption expired the decree would have been without foundation in the bill or in the trust deed. It is a well settled principle that a party will not be entitled to relief, although the evidence may establish a clear right in his case to such relief, unless there are averments in the bill to support the case made by the evidence. (Morgan v. Smith, 11 Ill. 194; Detroit Stove Works v. Koch, 30 Ill. App. 328.) And in Bremer v. Canal & Dock Co., 123 Ill. 104, it was held: "Nothing is better settled than that proofs without allegations are just as unavailing as allegations without proofs." And in Ohling v. Luitjens, 32 Ill. 23, it was held:

"It is well settled that party must recover according to the case made by his bill and not by the proofs. He cannot state one case in his bill and make out a different case in proof. If the evidence made a case varying from the one made in the bill, no decree should pass for other than one dismissing the bill, or at least one for no more than is prayed for. If the complainant recovers at all, he must recover upon the case made by his bill."

The provisions in the trust deed referring to the

rents, issues and profits of the premises, do not pledge or create a lien thereon in favor of the complainant for the rents, issues and profits collected after the foreclosure sale and before the time of redemption expires, but provides that they shall be paid to the purchaser or purchasers of the premises at such sale. It cannot be claimed or contended successfully that because the complainant was the purchaser of the premises at the sale this provision of the trust deed pledged the rents covered by the decree or order under review to the complainant as such purchaser, and that must be the only ground upon which appellant can predicate error in the order under review. In Schaeppi v. Bartholomae, 217 Ill. 105, the court said:

"It is urged, however, that by virtue of the provision found in the Bartholomae trust deed, the person entitled to a deed under the foreclosure sale in case no redemption took place was expressly granted the rents during the period of redemption, and that no redemption having taken place, and a deed having been made to George Bartholomae, he was entitled to the rents arising from said premises during the period of redemption. We cannot accede to this contention. The provision with reference to the rent found in the trust deed was a covenant between the grantor in the deed and the *cestui que trust*, and prior to the foreclosure sale was merged in the decree of foreclosure (Davis v. Dale, 150 Ill. 239; Lightcap v. Bradley, 186 *id.* 510; Haigh v. Carroll, 209 *id.* 576); and the purchaser at said sale took title under the decree, and he can claim no right by virtue of said provision found in the trust deed with reference to rent."

The decree of sale in this case does not give the purchaser at the sale the rents, issues and profits, if any, during the redemption period. It does not dispose of them in any manner. In our opinion, the case of Standish v. Musgrove, 223 Ill. 500, controls the question presented by the order under review. The court said:

"The substance of the provision of the trust deed

referred to, is that the grantors waived all right to the possession of and income from the premises pending foreclosure proceedings, and in case of sale, until the equity of redemption expired, and agreed that a receiver might be appointed to take charge of the premises and collect the income therefrom, and after paying the expenses of receivership, pay the same to the person entitled to a deed under the certificate of sale. In Schaeppi v. Bartholomae, 217 Ill. 105, where the mortgage contained a similar provision, it was held that the purchaser at the sale took title under and by virtue of the decree, and could claim no right to the rent by virtue of the provisions of the mortgage. * * * The appellant, so far as disclosed by the record, was the owner of the equity of redemption. There was no deficiency judgment against the appellant, and she is not made personally liable for the incumbrance by the decree. Under such circumstances, if she was in fact the owner of the equity of redemption, she was entitled to the rents and profits of the premises until the time for redemption had expired. The appointment of a receiver did not divest her of that right. She was still entitled to the rents and profits pending redemption, less such expenditures as were necessary and proper in preserving the property, but not in bettering its condition. (Davis v. Dale, 150 Ill. 239; Stevens v. Hadfield, 178 *id.* 532.)''

There was no deficiency decree against Walter M. Cowell, and moneys belonging to him could not be applied in payment of the deficiency decree against Sarah A. Bartlett. In our opinion the order or decree directing the receiver to pay the balance of moneys in his hands to Walter M. Cowell, trustee, was correct.

The decree is affirmed.

*Affirmed.*