### Elizabeth B. Cowell, Appellee, v. Edward Gnatzig et al., Appellants.

### Gen. No. 19,239.

1. RECEIVER—*when appointment of, proper.* The appointment of a receiver in a foreclosure proceeding is not improper if the petition therefor is verified though the bill of complaint is not verified.

2. MORTGAGES—*appointment of receiver to collect rents during redemption period.* A transferee of the equity of redemption cannot object to the appointment of a receiver to collect rents during the redemption period to pay a deficiency decree against the mortgagor, although no deficiency decree was rendered against the transferee when he and the mortgagor are insolvent and where he expressly agreed to pay all incumbrances.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed March 26, ·1913. Rehearing denied April 24, 1913.

JOHN C. WILSON and E. W. PAINTER, for appellants.

No appearance for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an appeal from an interlocutory order appointing a receiver in a foreclosure proceeding after

the entry of the decree of foreclosure and a sale thereunder.

On November 17, 1911, appellee, Elizabeth B. Cowell, filed her bill in the Circuit Court against certain defendants, including the appellant, John G. Kessie, to foreclose a trust deed executed by Edward Gnatzig and wife to one Straus, as trustee, conveying certain real estate in Chicago to secure the payment of fifty-one notes, aggregating $7,000, bearing date September 1, 1910, executed by said grantors, payable to the order of themselves and by them endorsed.

Immediately following the filing of the bill, Florence Thompson was appointed receiver to collect the rents, etc., upon filing bond in the sum of $5,000. On June 12, 1912, a decree was entered finding that there was due to appellee upon the notes secured by said trust deed $8,131.18, and also $350 for her solicitor's fees, and that the makers of said notes were liable for any deficiency, and directing a sale of the real estate. On July 13, 1912, the master executed said decree by selling the real estate to appellee for $8,000, and thereafter, on September 27, 1912, said master filed his report on said sale, and further reported that there was a deficiency of $792.83, which report was, on November 30, 1912, approved and a decree entered adjudging that appellee have and recover of Edward and Martha Gnatzig the amount of said deficiency and that execution issue therefor. Appellant, having become the owner of said real estate, subject to said trust deed, by conveyance from said Edward and Martha Gnatzig, on August 31, 1912, filed his motion to set aside the order theretofore entered appointing said Florence Thompson receiver, and for the removal of said receiver, and on December 23, 1912, said receiver was removed, because the order of appointment failed to require a bond by the complainant or failed to find that for good cause shown a receiver should be appointed without such bond, and thereupon on motion of appellee Fred-

erick B. Clapp was appointed receiver of said real estate to collect the rents, issues and profits of the same until the further order of the court. The order appointing said Clapp as receiver is predicated upon a finding that there is a deficiency decree against Edward and Martha Gnatzig; that said Edward and Martha Gnatzig and said appellant are insolvent; that said appellant obtained his title to the real estate through a warranty deed from said Edward Gnatzig who received his title through appellee; that the warranty deed from appellee to said Gnatzig reserved to appellee the net income in the premises and that appellant had constructive notice of such reservation; that appellee has expended $3,748.47 for taxes, and for interest and principal which has become due on a prior encumbrance upon the real estate, in order to protect the same from foreclosure; and that appellant assumed and agreed to pay the encumbrances on said real estate.

There is no appearance by appellee in this court.

It is first urged that, as the bill of complaint was not verified, the receiver was improperly appointed. The record discloses that the petition filed by appellee for the appointment of a receiver was verified, and this was all that was necessary. Daley v. Nelson, 119 Ill. App. 627.

It is next contended that in the absence of a deficiency decree against appellant, he, as the owner of the equity of redemption, is entitled to the rents during the redemption period; that the decree does not dispose of such rents; that appellee, as the purchaser at the master's sale, took title under the decree and can claim no right to the rents by virtue of any provision in the trust deed; that by the foreclosure of the trust deed all the rights and liabilities growing out of the trust deed were merged in the decree. In support of such contentions appellant cites, among other cases, Davis v. Dale, 150 Ill. 239; Lightcap v. Bradley, 186 Ill. 510; Haigh v. Carroll, 209 Ill. 576; Schaeppi v.

Bartholomae, 217 Ill. 105; Standish v. Musgrove, 223 Ill. 500; Longley v. Wilk, 171 Ill. App. 419.

The facts in the case at bar serve to distinguish it from such of the cases cited as bear upon the precise question involved. In the case at bar, appellant, the owner of the equity of redemption, expressly assumed and agreed to pay the encumbrances upon the real estate, and he, as well as the makers of the notes, are shown to be insolvent. To permit appellant to collect and retain the rents accruing from the real estate, as against the claim of appellee for the amount of the deficiency upon an encumbrance which appellant assumed and agreed to pay, and for the payment of which deficiency he is liable, would be grossly inequitable. The cases cited do not compel a holding to the contrary. In the Dale and Haigh cases, *supra,* the property sold for sufficient to pay the amount due the mortgagees, and it was held that the owners of the equity of redemption and not the purchasers at the sale were entitled to receive the rents accruing during the period of redemption. In the Schaeppi case, *supra,* the rents during the redemption period were held to have been properly applied upon the deficiency, and what was said relative to the rights of a purchaser at a foreclosure sale to receive the rents during that period was predicated upon a sale of the property for an amount sufficient to pay the indebtedness. It was there said:

"The sole objects of the several trust deeds sought to be foreclosed in this proceeding were to secure the payment of the several sums of money mentioned therein, and in case of foreclosure and sale during the time of redemption the grantor in the trust deeds was entitled to the possession of the premises and to receive the rents, issues and profits thereof. If, however, the premises were inadequate security, the person liable to pay the indebtedness insolvent, the person in possession of the premises committing waste, or other equitable grounds were shown and any part of the decree of foreclosure was not satisfied by the sale,

the court in which the foreclosure suit was pending might, through a receiver, and not otherwise, appropriate the rents, issues and profits arising from the premises during the period of redemption for the purpose of paying the portion of the indebtedness which was not satisfied by a sale of the premises.''

In Prussing v. Lancaster, 234 Ill. 462, it was said:

''It is also contended, if it were conceded that said trust deed was a valid lien upon the premises covered thereby, that the court erred in continuing the receivership after the approval of the master's sale under the foreclosure decree and in directing that the rents collected by the receiver during the period of redemption be applied in payment of the deficiency decree. The premises did not sell for enough to satisfy the foreclosure decree, and there was a deficiency decree for $5,598.44 in favor of appellees. In such case the practice is a proper one to apply to the satisfaction of such deficiency decree, through a receiver, the rents which may accrue upon the premises covered by the trust deed during the redemption period; and this may be done by a court of equity, although the trust deed is silent upon the subject of the application of the rents to the payment of any deficiency that may remain after the sale of the land covered by the trust deed. Haas v. Chicago Building Society, 89 Ill. 498; First Nat. Bank of Joliet v. Illinois Steel Co., 174 Ill. 140.''

In the Standish and Longley cases, *supra,* it did not appear that an insolvent owner of the equity of redemption had expressly assumed and agreed to pay the encumbrance upon the property.

We are not now concerned with the precise manner in which the rents accruing during the redemption period shall be disposed of by the receiver, and do not assume to determine that question, but we have no doubt that the receiver was properly appointed to collect such rents, and that, under the direction of the court, he may properly pay to appellee at least the amount of the deficiency.

The order is affirmed.

*Order affirmed.*