**Frederick H. Wickett, Appellee, v. Katherine Hastings et al., on appeal of Ralph Temple and Benjamin F. J. Odell, Appellants.**

**Gen. No. 23,403.    (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded. Opinion filed January 28, 1918.

## Statement of the Case.

Bill by Frederick H. Wickett, complainant, against Katherine Hastings and others, defendants, to foreclose a certain trust deed. From a decree holding that certain parties, Ralph Temple and Benjamin F. J. Odell, were entitled to redeem from the foreclosure sale made under the deed, as holder and assignee, respectively, of a certificate of a prior sale of the same premises upon foreclosure of a certain second trust deed, and that certain rents in the hands of the receiver should be paid to complainant, said Temple and Odell appeal.

A master's certificate was issued to Temple, on the sale under his second trust deed, who assigned same to Odell, to whom the master issued a deed for the premises. Temple was made a defendant in this case and decree was entered against him *pro confesso* on

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

publication notice. Odell was not made a party. After sale to complainant, a deficiency decree was entered and receiver appointed to receive the rents and profits from the premises. Odell received deed May 7, 1915, and on May 18, 1915, tendered complainant the amount at which the premises were sold under the first trust deed, with interest, which complainant refused, and Temple and Odell filed petition under section 19 of the Chancery Act (J. & A. ¶ 899) to be allowed to make redemption, on answer to which the decree now appealed from was entered. Complainant received deed to the premises May 26, 1916.

BENJAMIN F. J. ODELL, for appellants; MELVILLE R. ADAMS, of counsel.

WICKETT, WALKER & WEGG, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1078*—*what is effect of failure to assign cross errors.* Complainant, not having assigned cross errors, was estopped from questioning the trial court's jurisdiction to adjudicate the claim of one appellant as owner of an equity of redemption in the premises purchased by complainant under a first trust deed foreclosure as to certain rents and profits collected and held by a receiver in the foreclosure suit, on the ground that such appellant had not been made a party to the suit but had appeared therein by his own petition after sale to complainant, claiming an equity of redemption as purchaser under a prior foreclosure sale of a second trust deed upon the same premises.

2. MORTGAGES, § 738*—*when owner of equity of redemption is entitled to rents and profits.* Where it appears that the rents and profits issuing out of mortgaged premises have not been pledged by the mortgage or trust deed to secure the agreements and promises of the mortgagor, and where it further appears that the owner of the equity of redemption is not the person who executed such

*See *Illinois Notes Digest*, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

mortgage or trust deed, and who is not personally liable for the indebtedness, such owner of the equity of redemption is entitled of right to such rents and profits..

3. MORTGAGES, § 738*—*when rents and profits after sale should not be applied in payment of deficiency decree.* Where a first trust deed, containing the usual provisions for sale of the premises and for the application of the amount received therefor to the secured indebtedness, also provided that "any rents that may be collected after such sale and before the time of redemption expires" should be paid "to the purchaser or purchasers of said premises at such sale," *held* that the language quoted was too uncertain and vague to authorize a holding that the rents and profits accruing after sale in the hands of a receiver should be applied in payment of a deficiency decree, where the equity of redemption was held by the assignee of a purchaser of the premises under a prior foreclosure of a second trust deed on the same premises.

4. MORTGAGES, § 709*—*what interest redeeming owner of equity of redemption liable for.* A decree holding that the redeeming owner of the equity of redemption in premises sold under foreclosure should be charged interest on the sum for which the premises were sold from the date of sale to the date of redemption, *held* proper.

5. MORTGAGES, § 709*—*what should be included in tender by redeeming owner of equity of redemption.* The tender by the redeeming owner of the equity of redemption in premises sold under foreclosure properly includes taxes theretofore paid, with interest thereon, by the purchaser from whom redemption is made.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.