(No. 19042.—

ELLA C. COLEMAN, Plaintiff in Error, *vs.* JOHN E. MUL-CAHEY *et al.* Defendants in Error.

*Opinion filed February 20, 1929.*

WILLIAM A. BITHER, (LUELLA M. BITHER, of counsel,) for plaintiff in error.

WILLIAM R. BACH, for defendants in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiff in error, Ella C. Coleman, filed her bill of complaint to the March, 1925, term of the circuit court of Ford county to foreclose a trust deed, by which trust deed 160 acres of land in Ford county were mortgaged. E. D.

Cameron, as receiver, was duly appointed in the proceedings and collected the rents from the real estate. On the 14th day of September, 1925, a decree of foreclosure was duly entered, and on the 24th day of February, 1927, the master filed a report of sale, in which he reported that he had sold the property to plaintiff in error for $28,000; that after distribution of the proceeds of the sale there was still due to plaintiff in error $3189.98; that afterwards a deficiency decree was entered in the cause in her favor for the sum of $3189.98; that thereafter the receiver filed his report that he had on hand from rents collected and from the crops of 1925 and 1926, $2293.26. On the first day of October, 1927, the court entered a decree in which it found that the receiver, under a stipulation made in open court by the parties to the proceeding, was entitled to $240 for his fees; that the balance of the money in his hands, $2053.26, should be paid to Lucy Mulcahey as the owner of the equity of redemption; that the trust deed foreclosed in said proceeding did not mortgage the rents to Ella C. Coleman as security for her loan. From this decree Ella C. Coleman prosecuted an appeal to the Appellate Court for the Third District, by which court, on the second day of May, 1928, the decree was in all things confirmed. The cause is here by leave of this court for review on *certiorari.*

Plaintiff in error claims that by the terms of the decree of foreclosure she was equitably entitled to have the rents now held by the receiver applied upon her indebtedness. The Appellate Court affirmed the decree without passing upon the merits of plaintiff in error's claim, for the reason that the record did not contain a certificate of the evidence upon which the decree was based. Plaintiff in error contends that as the decree granted defendant in error Lucy Mulcahey specific relief, the burden was on her to preserve the evidence on which her decree was based. This rule is correct, but there are two ways of preserving the evidence.

One is by a certificate of the evidence duly certified by the trial judge, and the other is by the court in the decree making a sufficient finding of facts to justify the relief granted. If the decree does find the facts and there is no certificate of evidence, the facts as stated in the decree must be accepted as true and the decree be affirmed on appeal. (*Van-Meter* v. *Malchef,* 276 Ill. 451.) The decree in the instant case specifically found "that the trust deed under which the foreclosure proceeding was had did not pledge the rents and profits issuing out of the land either before or after foreclosure. The provision in regard to the rents is, 'and agree that upon the filing of any bill to foreclose this trust deed a receiver shall and may at once be appointed to take possession or charge of said premises and collect such income, and the same, less receivership expenditures, including repairs, insurance premiums, taxes, assessments and his commissions, to pay to the person entitled to a deed under the certificate of sale, or in reduction of the redemption money if said premises be redeemed;' that the trust deed provides that this money shall be paid to Ella C. Coleman as purchaser and not as owner of the deficiency decree; that when Ella C. Coleman purchased this land, she, as purchaser, held under the decree and not under the trust deed, and after the sale, as purchaser, she was entitled to the rights conferred upon her by statute, which were, a deed to be issued to her by the master and a right to be placed in possession of the premises; that Lucy Mulcahey did not sign the trust deed, neither did she sign the notes. She did not assume and agree to pay this trust deed. She was at the time of filing the bill, and still is, the owner of the equity of redemption."

The statements contained in the decree show that it was in part based on evidence not shown by the record otherwise than in the finding of facts in the decree. It is conceded by all parties to the cause that the provision of the

trust deed that the receiver should pay the rents and profits collected by him to the person entitled to a deed under the certificate of purchase is invalid. Where there is no pledging of the rents during foreclosure, the owner of the equity of redemption is entitled to such rents and profits where the deficiency decree under which the receiver is in possession is not against such owner of the equity but against other parties. (*Standish* v. *Musgrove,* 223 Ill. 500.) The person entitled to a deed under a foreclosure sale is not entitled to the rents and profits during the period of redemption notwithstanding the trust deed contains an express provision to that effect; and this is true even though the holder of the indebtedness secured by the trust deed is the purchaser at the sale. *Schaeppi* v. *Bartholomae,* 217 Ill. 105.

Assuming, as we must, that the finding of facts in the decree are true, defendant in error Lucy Mulcahey, as owner of the equity of redemption, was entitled to the rents and profits during the period of redemption, and the circuit and Appellate Courts properly so held.

*Decree affirmed.*