Trustees of Schools of Township No. 27 North of Range 9 East of the Third Principal Meridian, in the County of Ford and State of Illinois, Appellant, v. Benjamin S. Thompson et al., Appellees.

Gen. No. 9,146.

 Opinion filed January 24, 1939.

M. H. Scott, of Piper City, for appellant.

Claude M. Swanson, of Paxton, for appellees.

Mr. Presiding Justice Riess delivered the opinion of the court.

Plaintiff has appealed from a decree of the circuit court of Ford county in a foreclosure proceeding wherein a receiver, who had been appointed by the court to collect and preserve the rents and profits from the mortgaged premises, had reported a balance on hand of $1,031.64, which was ordered by the court to be paid to the owner of the equity of redemption, without allowing a credit against the same of an unpaid deficiency of $504.28 remaining due after sale of the mortgaged premises, on the ground that the rents had not been pledged nor become equitably payable to the mortgagee under the terms of the mortgage.

A 40-acre tract of real estate, which was tiled and fenced but had no buildings or other improvements thereon, was mortgaged to the plaintiff to secure payment of a promissory note in the sum of $4,000 dated March 1, 1910, given to plaintiff by one Benjamin S.

Thompson. Both the note and mortgage were signed by Thompson and the mortgage was signed by his wife. Provision was made therein for the payment of principal, interest and taxes, but no specific provision was made concerning the appointment of a receiver or pledging the rents and profits from the premises toward the payment of the indebtedness or of any deficiency judgment. The mortgage contained a further provision that "for any failure or refusal to comply or perform the conditions or covenants herein contained, I will deliver immediate possession of the premises."

The mortgagor remained in possession of and paid interest and taxes on the premises until 1927, when he conveyed the same by a warranty deed containing no reference to the mortgage, to Herbert Powell and Jessie B. Powell, as joint tenants. After so conveying the premises, the mortgagor, who had become insolvent, removed to North Dakota. The interest and taxes were paid by the Powells until 1933, when a default in the payment of such interest occurred, and a foreclosure suit followed to the August term, 1935, of said court, wherein the amount of the mortgage indebtedness was set forth, including alleged unpaid current taxes of $37.47 for that year, which tax was subsequently paid by the Powells before a receiver was appointed.

Thereafter, in October, 1935, upon verified petition and evidence heard, the court appointed a receiver to collect and preserve the rents and profits, from which order no appeal was taken. A decree of foreclosure and for sale in default of payment by a short day fixed therein was entered on December 11, 1935, and on November 21, 1936, the premises were sold by the master in chancery and a certificate of purchase was issued. The Powells had assigned all interest in the rents and profits to defendant Lizzie H. Bane. In the meantime,

the receiver had collected corn rents from the premises due from defendant J. A. Holmes, as tenant, in the aggregate amount of $1,215.41, which was reported to the court, less a credit for bond premium, and solicitor's and receiver's fees allowed by the court and not in controversy herein, leaving the above balance of $1,031.64 on hand and praying that the court determine and enter an order for payment thereof to the party or parties entitled thereto. This balance was ordered to be paid to defendant Lizzie H. Bane, as assignee of the Powells, and plaintiff's appeal followed a denial of its motion to set aside said order. In September, 1937, the property was redeemed upon payment of the purchase price, interest and costs, and the master's certificate of sale was canceled.

The question arose as to whether or not, under the above facts and provisions of the mortgage, the deficiency decree of $504.28 due plaintiff was payable out of said rents and profits and the remainder only payable to the transferee of all interest therein by the holders of the equity of redemption, or whether the whole of said balance was so payable to said transferee, Lizzie H. Bane, without deduction of said deficiency.

It is contended by appellant that the order of appointment of the receiver upon hearing of petition therefor, when not appealed from, renders the question of the disposition of such rents other than as a credit upon the deficiency decree *res judicata* as against the claims of the mortgagor or his subsequent grantees holding the equity of redemption. No such conclusion follows, since the rents and profits were collected and held by the receiver as an officer of the court subject to its order as to final disposition thereof. The fact that the owner of an equity of redemption has not appealed from an order appointing a receiver of rents and profits does not prevent him or his transferee from asserting

any rights to the funds collected by such receiver during the period of redemption. *Burleigh v. Keck,* 84 Ill. App. 607; *Ruprecht v. Muhlke,* 225 Ill. 188, 194, 80 N. E. 106. The entry of an order in foreclosure, directing a receiver to take charge of the rents and profits, does not affect the rights of parties to assert their claim to such funds thereafter. *Burleigh v. Keck, supra; Ruprecht v. Muhlke, supra; Reeves Illinois Mortgages,* Vol. 2, Secs. 555 and 557; *Davis v. Dale,* 150 Ill. 239, 243, 37 N. E. 215; *Stevens v. Hadfield,* 196 Ill. 253, 63 N. E. 633; *Shinnick v. Goodman,* 259 Ill. App. 107, 114; *Perlman v. Marzano,* 338 Ill. 109, 114, 170 N. E. 254.

Ordinarily, the mortgagee is not entitled to the rents and profits unless the same have been pledged by the terms of the mortgage. *Owsley v. Neeves,* 179 Ill. App. 61; *West v. Adams,* 106 Ill. App. 114. It is the general rule that the owner of the equity of redemption is entitled to the rents and profits of the premises until the expiration of the redemption period. *Hindman v. Off,* 246 Ill. App. 528, 530; *Davis v. Dale, supra; Stevens v. Hadfield, supra; Standish v. Musgrove,* 223 Ill. 500, 506, 79 N. E. 161.

The rule is also well settled that where the rents have not been pledged, the owner or transferee of the equity of redemption is entitled to such rents and profits where the deficiency decree under which the receiver is in possession is not against the owner or transferee of the equity of redemption, but only against the mortgagor or other parties. *Coleman v. Mulcahey,* 334 Ill. 64, 67, 165 N. E. 189; *Wickett v. Hastings,* 209 Ill. App. 305; *Stevens v. Pearson,* 202 Ill. App. 22; *Owsley v. Neeves, supra;* Reeves Illinois Mortgages, Vol. 2, Sec. 555.

Appellant earnestly contends that the declaratory provision of the mortgage to the effect that upon breach of any covenants, the mortgagor "will deliver immedi-

ate possession of the premises'' carries with it both the authority to appoint a receiver and to pledge the rents and profits to the payment of the mortgage debt or deficiency decree under the facts herein. The case of *Chicago Title & Trust Co. v. Mack,* 347 Ill. 480, 180 N. E. 412, is cited in support of this position. There, an entirely different issue and set of facts were involved than in the case at bar. The mortgage not only waived the right to possession of the mortgaged premises, but also expressly consented to the appointment of a receiver during the pendency of the suit. The controversy concerned a contempt charge pending on appeal for refusal to attorn to the receiver, and involved a collateral attack upon the discretionary jurisdictional powers of the chancellor. It did not undertake to pass upon the rights of an assignee or transferee who was not personally liable for the indebtedness, and the opinion was not applicable to the controlling facts and issues in this case.

In the case of *Standish v. Musgrove, supra,* the court (at page 506) said ''The appellant, so far as disclosed by the record, was the owner of the equity of redemption. There was no deficiency judgment against the appellant and she was not made personally liable for the encumbrance by the decree. Under such circumstances, if she was in fact the owner of the equity of redemption she was entitled to the rents and profits of the premises until the time for redemption had expired. The appointment of a receiver did not divest her of that right. She was still entitled to the rents and profits pending redemption, less such expenditures as were necessary and proper in preserving the property, but not in bettering its condition. *Davis v. Dale,* 150 Ill. 239; *Stevens v. Hadfield,* 178 id. 532.'' *Longley v. Wilk,* 171 Ill. App. 419, 425; *Coleman v. Mulcahey, supra; Baldwin v. Tuttle,* 215 Ill. App. 57; *Cowell v. Gnatzig,* 178 Ill. App. 482.

In *Baldwin v. Tuttle, supra,* numerous cases are analyzed and distinguished by the court, and there, as here, the court held that the case of *Standish v. Musgrove, supra,* controls the question presented by the order under review. Cases cited by the appellant herein are there distinguished (at page 66) in the following language: "Among the cases cited are *Haas v. Chicago Building Society,* 89 Ill. 498; *First Nat. Bank of Joliet v. Illinois Steel Co.,* 174 Ill. 140; *Bagley v. Illinois Trust & Savings Bank,* 199 Ill. 76, and *Prussing v. Lancaster,* 234 Ill. 462. An examination of the first three cases, however, discloses that either the owner of the equity of redemption was also the original maker of the notes and mortgage, and therefore personally liable for the debt, or, the rents and profits during the redemption period had been expressly mortgaged by the provisions of the trust deed to secure the debt. In the *Prussing* case it is not disclosed what the provisions of the trust deed were. These cases, therefore, are to be distinguished from the present case."

When the rents and profits are expressly pledged in the mortgage, it is a well settled rule of law, based upon the contract of the parties, that the same may be properly taken and applied toward the payment of the mortgage indebtedness or a deficiency thereof after sale of the mortgaged premises. Where the rents and profits are not expressly pledged nor the payment of the indebtedness or deficiency chargeable against or assumed by the holder of the equity of redemption, we hold the rule in Illinois to be that some equitable element in addition to inadequacy of value of the land and insolvency of the parties primarily liable for the debt, such as waste, failure to pay taxes or other acts that would lessen, impair or reduce the value of the mortgage security, must appear before the unpledged rents and profits can be properly taken and applied toward the payment thereof, as against the

interest of the holder or transferee of the equity of redemption not personally liable therefor. (*Schaeppi v. Bartholomae,* 217 Ill. 105, 110, 75 N. E. 447; *Standish v. Musgrove, supra.*) No such waste, impairment nor expenditure necessary to preserve the value of the mortgaged premises appears herein.

We hold that the chancellor below did not err in decreeing payment of the balance of $1,031.64 in the receiver's hands to defendant transferee Lizzie H. Bane, under the terms of the mortgage and facts and circumstances in evidence, and the decree of the circuit court of Ford county is therefore affirmed.

*Decree affirmed.*